THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellant, v. MICHAEL J. WHITE, Petitioner-Appellee.

Third District    No. 3—87—0317

Opinion filed March 22, 1988.—Rehearing denied April 28, 1988.

Tony L. Brasel, State's Attorney, of Watseka (Gary F. Gnidovec, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Schenk, Duffy, Quinn, McNamara, Phelan, Carey & Ford, of Joliet (Patrick J. McNamara, of counsel), for appellee.

JUSTICE WOMBACHER delivered the opinion of the court:

The defendant, Michael White, was charged with driving under the influence of alcohol. (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501(a)(1).) He filed a petition to rescind the statutory summary suspension.

At the rescission hearing, held on March 25, 1987, Officer Ronald Courtright testified that he was a certified operator of the intoxilyzer machine, and he administered the test on the defendant. He testified as to the operational procedures for taking breath tests, as well as the logbook kept to note the test results. Sheriff Joseph Mathy testified as to the entries made in the logbook and the procedure followed to test the intoxilyzer machine for accuracy. He testified that the defend-

ant registered a .11 test result.

Numerous times during the hearing the State was prevented from admitting into evidence the printout of the intoxilyzer, the logbook and the relevant page from the logbook. The trial court sustained the objections to admission on the basis of lack of foundation.

The defendant moved for a summary finding at the close of the State's case. The trial court declined to make a directed finding, yet it ultimately ruled on April 22, 1987, that the State had failed to prove a blood-alcohol content of .10 or more. A rescission of the defendant's summary suspension was ordered.

The State appeals the rescission order, asserting that the defendant did not sustain his burden of establishing that the test did not indicate a blood-alcohol concentration of .10 or more, and further, the trial court erred in refusing to admit evidence of the defendant's intoxication.

■ In accord with both the Illinois Second and Fourth District Appellate courts, this court has recently held that the petitioner has the initial burden of proof after a petition to rescind has been filed. (*People v. Brandt* (1987), 165 Ill. App. 3d 406. See also *People v. Griffith* (1987), 153 Ill. App. 3d 856, 506 N.E.2d 430; *People v. Blythe* (1987), 153 Ill. App. 3d 292, 505 N.E.2d 402, *appeal denied* (1987), 115 Ill. 2d 544.) In the case at bar the record reflects the fact that the defendant did assume the initial burden of proof. The defendant testified on direct and was cross-examined before the State presented its case.

■ The pertinent issue for review is the propriety of the trial court's decision to exclude the logbook and the printout of the intoxilyzer upon foundational grounds. The objections to admission were based upon the assertions that Officer Courtright did not testify that he was certified on the date that he administered the test and, secondly, there was no evidence that the intoxilyzer machine was accurate.

We initially note that Officer Courtright did indeed testify at the rescission hearing that he was a licensed intoxilyzer machine operator. Although he did not specifically testify that he was licensed on January 21, 1987, the day he administered the test to the defendant, a reasonable inference may be made that the officer was certified at that time.

Furthermore, we find that the State was hindered in its attempt to establish the foundational requirement so as to permit the introduction of evidence of intoxication. The admission of the logbook and the relevant page therefrom would have established the accuracy of the

machine, as the logbook contained a monthly accuracy check of the intoxilyzer machine. We hold that the logbook and page were admissible under the business records exception to the hearsay rule.

■ It has been repeatedly held that records kept by a public officer, dealing with his official activities and either required by statute or reasonably necessary for the performance of the duties of the office, are admissible to prove the matters recorded. (*People v. Lacey* (1968), 93 Ill. App. 2d 430, 235 N.E.2d 649.) Logbook entries are considered official documents. (*People v. Hester* (1980), 88 Ill. App. 3d 391, 410 N.E.2d 638.) Reports, not investigative in nature, may be admitted as a hearsay exception pursuant to section 115—5(a) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1985, ch. 38, par. 115—5(a)). Had the logbook and page therefrom been admitted, the requisite foundation for the admission of the results of the properly administered intoxilyzer test would have been satisfied.

A review of the record indicates that the trial court erred in refusing the admission of the State's exhibits. That evidence would be most relevant in the assessment of whether the State met the burden of proving the defendant was under the influence of alcohol and had a blood-alcohol concentration of .10 at the time of the arrest in question.

■ Lastly, we note that the defendant has requested, in the event of a reversal of the trial court's order, that a remandment be made back to the lower court for a ruling as to whether the officer had probable cause to make an arrest.

The defendant's petition to rescind asserted that the arresting officer did not have reasonable grounds to believe that the defendant was driving under the influence of alcohol and that the test taken did not indicate a blood-alcohol concentration of .10 or more. The trial court's order held that the defendant was not proved legally intoxicated. The order did not state that probable cause for arrest was lacking. Thus, it may be said that the order implicitly indicated that the question of whether there were reasonable grounds for arrest could not serve as the basis to nullify the suspension. Further, during the hearing, the petitioner made an oral motion for a summary finding that the State had not proved that the result of the intoxilyzer test was .10 or more. The trial court determined that the real issue in the motion before the court was "whether the (arresting) officer had probable cause to arrest the defendant for driving under the influence." After viewing the evidence in the light most favorable to the State, the motion was denied.

Although the record does reflect that the trial court considered

the merits of the unlawful arrest issue, we nonetheless must require a specific ruling from the trial court. The safeguards afforded to petitioners in rescission hearings entitle them to clear and unambiguous dispositions of their petitions.

Summarily, inasmuch as the rescission hearing was conducted with procedural irregularities, the proper administration of justice compels this court to reinstate the statutory summary suspension. Furthermore, we shall remand this case for a second hearing to be conducted pursuant to the directives of this opinion and wherein the issue of probable cause to arrest shall be properly presented to and disposed of by the trial court.

For the foregoing reasons the rescission order of the circuit court of Iroquois County is reversed and the cause is remanded to the trial court for further proceedings consistent with the views expressed herein and with directions to reinstate the defendant's statutory summary suspension.

Reversed and remanded with directions.

BARRY, P.J., and STOUDER, J., concur.