900 So.2d 615 (2005)
Dennis SHIVER, Appellant,
v.
STATE of Florida, Appellee.
No. 1D03-0636.
District Court of Appeal of Florida, First District.
March 8, 2005.
Rehearing Denied April 12, 2005.
*616 Nancy A. Daniels, Public Defender and Archie F. Gardner, Jr., Assistant Public Defender, Tallahassee, for Appellant.
Charles J. Crist, Jr., Attorney General, and Shasta Kruse, Assistant Attorney General, Tallahassee, for Appellee.
HAWKES, J.
Dennis Shiver (Appellant) appeals his conviction for felony driving under the influence, arguing admission of his breath test results, over objection, violated his constitutional right to confrontation as provided by Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). We agree and reverse.
During the jury trial, Trooper Elliott, the officer who arrested Appellant, testified Appellant failed four out of four sobriety tests he was given, and declined to take a fifth test because of hip and knee problems. Because Appellant failed the tests, and due to other observations the trooper made, Appellant was placed under *617 arrest. Subsequently, the trooper administered two breath tests, which determined Appellant's blood alcohol level to be .151 and .132.
The State, over objection and relying on section 316.1934(5), Florida Statutes (2002), offered into evidence an affidavit that would serve as "presumptive proof" of the results of Appellant's breath test. This "breath test affidavit"[1] was prepared by the trooper. Between the trooper's testimony and the affidavit the jury learned: when the trooper administered the breath test, what type of instrument was used, the trooper was certified to operate the instrument, how the trooper operated the instrument, and when the trooper used the instrument on Appellant, it did not appear to be malfunctioning. Critical here, the affidavit was also relied upon by the State, pursuant to section 316.1934(5)(e), Florida Statutes (2002), to establish "the date of performance of the most recent required maintenance." If the State was unable to show the instrument had the statutorily required maintenance, the results of Appellant's test would be inadmissible.
When asked about the required maintenance, the trooper testified "[t]he only thing I know about that is the instrument has to be retested or whatever they do to it within a calendar month. So long asif it's done within February, he has until the last day of March to go ahead and recheck the instrument." The trooper then testified Corporal Strickland, with the Florida Highway Patrol, oversees the maintenance of the instrument.
Defense counsel again renewed his objection to introduction of the breath test results on grounds that the State failed to prove the instrument was properly calibrated, and admission of such unreliable evidence violated Appellant's due process rights. The trial court again overruled the objection. By admitting this evidence, the trial court erred.
The ultimate goal of the Confrontation Clause is to ensure reliability of evidence. See Crawford, 124 S.Ct. at 1370. This is "a procedural rather than a substantive guarantee" and "commands, not that the evidence be reliable, but that reliability be assessed in a particular manner: by testing in the crucible of cross-examination." See id. A defendant's right to confront and cross-examine witnesses applies to those who bear testimony against him. See id. at 1364. "Testimony, . . . is typically a solemn declaration or affirmation made for purposes of establishing or proving some fact." Id. "Testimonial" statements include
ex-parte in-court testimony, or its functional equivalentthat is, material such as affidavits, that the defendant was unable to cross-examine, or similar pretrial statements that declarants would reasonably expect to be used prosecutorially. . . . extrajudicial statements . . . contained in formalized testimonial materials, such as affidavits, . . . [and] statements that were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial.
Id. "Where testimonial statements are at issue, the only indicium of reliability sufficient to satisfy constitutional demands is the one the Constitution actually prescribes: confrontation." Id. at 1374. The *618 Confrontation Clause "demands what the common law required: unavailability and a prior opportunity for cross-examination." Id. Consequently, the testimonial statements of witnesses absent from trial may only be admitted if the declarant is unavailable, and the defendant had a prior opportunity to cross-examine.[2]See id. at 1369.
Here, parts of the "breath test affidavit" constitute testimonial hearsay evidence. It contained statements one would reasonably expect to be used prosecutorially, and was made under circumstances which would lead an objective witness to reasonably believe the statements would be available for trial. In fact, the only reason the affidavit was prepared was for admission at trial. Specifically, the affidavit contained testimonial evidence regarding when the statutorily required maintenance of the instrument was performed. This information was crucial, because the admissibility of Appellant's breath test results were dependent upon the instrument having met the statutory requirements which, in turn, was dependent upon timely and proper maintenance.
Since the trooper did not perform the required maintenance, he was not qualified to testify as to whether the instrument met the required statutory predicates. Because Appellant was unable to challenge the accuracy of the instrument by the constitutionally mandated method of cross-examination of the person who performed the maintenance, introduction of the affidavit violated Appellant's right to confront witnesses.
Contrary to the State's argument, the fact that the trooper testified and was subject to cross-examination did not cure the Confrontation Clause violation. The trooper was simply attesting to someone else's assertion that the breathalyzer had been timely and properly maintained before being used on Appellant.[3]
The trial court's error in admitting the affidavit was not harmless for at least three reasons: (1) The State made the accuracy of the instrument and test results the feature of its closing argument; (2) The State argued that, due to the breathalyzer test results, whether Appellant was actually impaired was irrelevant; and (3) The jury was instructed that if the State proved beyond a reasonable doubt that Appellant had a blood alcohol level of .08 or more, that alone would be sufficient to prove the DUI charge. The only evidence of Appellant's blood alcohol level came in through the erroneously admitted breath test affidavit. Accordingly, it cannot be concluded, beyond a reasonable doubt, that the error did not have any effect on the verdict. See State v. DiGuilio, 491 So.2d 1129 (Fla.1986). Appellant's conviction for DUI is REVERSED and the case REMANDED for a new trial.
Additionally, Appellant was charged with and convicted of second degree *619 misdemeanor driving while license suspended. However, the trial court adjudicated and sentenced Appellant for first degree misdemeanor driving while license suspended. Because the trial court committed fundamental error by adjudicating and sentencing Appellant for a crime with which he was not charged, the conviction and sentence for first degree misdemeanor driving while license suspended is REVERSED, and the case REMANDED for resentencing for second degree misdemeanor driving while license suspended.
REVERSED and REMANDED for proceedings consistent with this opinion.
WEBSTER, and PADOVANO, JJ., concur.
NOTES
[1] The State acknowledges this was not a true affidavit. It contained some information about which the trooper had personal knowledge, and some information that was solely hearsay. The hearsay information was used to show that the statutorily required maintenance had been performed.
[2] We note the State failed to show Corporal Strickland was unavailable, and if unavailable, that a constitutionally acceptable excuse for the unavailability existed, as required by Crawford.
[3] Interestingly, this is the precise scenario the United States Supreme Court used to exemplify a Confrontation Clause violation. The Supreme Court discussed Sir Walter Raleigh's trial for treason, wherein an alleged co-conspirator's affidavit was read in court as evidence against Raleigh. Raleigh contested the allegations and demanded an opportunity to confront the attestor, face-to-face, which was denied. The Supreme Court stated that "[l]eaving the regulation of out-of-court statements to the law of evidence would render the Confrontation Clause powerless to prevent even the most flagrant inquisitorial practices. Raleigh was, after all, perfectly free to confront those who read Cobham's confession in court." Crawford, 124 S.Ct. at 1364.