No. 2--05--1130                                           filed: 11/16/06

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Du Page County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 04--DT--2964 |
| SO YOUNG KIM, | ) ) | Honorable Nicholas J. Galasso, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE HUTCHINSON delivered the opinion of the court:

Following a bench trial, defendant, So Young Kim, was convicted of driving with a breath-alcohol content of 0.08 or greater (625 ILCS 5/11--501(a)(1) (West 2004)) and speeding (625 ILCS 5/11--601(b) (West 2004)) and sentenced to probation. Defendant appeals, contending that the trial court erred by admitting the affidavit of an officer who certified the Breathalyzer machine that was used to determine her breath-alcohol content. She contends that admitting this affidavit deprived her of her right to confront the witnesses against her. We affirm.

Early in the morning of March 30, 2003, Darien police detective William Foster saw a car traveling 59 miles per hour in a 40-mile-per-hour zone on Cass Avenue. He effected a traffic stop and approached the vehicle. When the driver, defendant, rolled down the window, Foster noticed a strong odor of alcohol. Defendant fumbled while producing her driver's license and insurance card. After several requests, she got out of the car, staggering as she did so. She refused field sobriety

tests. Foster arrested defendant for driving under the influence of alcohol. After waiting the requisite 20 minutes, Foster gave defendant a Breathalyzer test.

The prosecutor attempted to introduce into evidence an affidavit from Timothy Miller certifying that he had tested the Breathalyzer. The affidavit was part of the instrument's logbook that was kept in accordance with the Administrative Code (77 Ill. Adm. Code §510.100 (Conway Greene CD-ROM 2000)). Defense counsel objected, contending, as relevant here, that admission of the affidavit would violate defendant's right to confront the witnesses against her, in violation of Crawford v. Washington, 541 U.S. 36, 158 L. Ed. 2d 177, 124 S. Ct. 1354 (2004).

The trial court took the objection under advisement and the trial continued. Foster testified that the Breathalyzer test revealed that defendant's breath-alcohol content was 0.136. The trial court granted defendant a directed verdict on a count of driving under the influence of alcohol, but found her guilty of driving with a breath-alcohol content of 0.08 or greater and speeding. The court sentenced her to probation. After the court denied her posttrial motion that again raised the Crawford issue, defendant filed a timely notice of appeal.

On appeal, defendant contends that Miller's affidavit was testimonial hearsay and violated her right to confront witnesses. We disagree.

In Crawford, the Supreme Court held that the testimonial hearsay statements of a witness who is unavailable at trial may not be admitted against a criminal defendant unless the defendant had a prior opportunity for cross-examination. Crawford, 541 U.S. at 68, 158 L. Ed. 2d at 203, 124 S. Ct. at 1374. While Crawford did not articulate a comprehensive definition of testimonial statements, it did provide some examples of statements that would be considered testimonial, including (1) ex parte in-court testimony; (2) extrajudicial statements in formal testimonial materials such as

affidavits, depositions, prior testimony, and confessions; (3) statements made under circumstances that would lead an objective witness reasonably to believe that the statements would be available for use at a later trial; and (4) statements taken by police officers in the course of interrogations. People v. Cumbee, 366 Ill. App. 3d 476, 499 (2006), citing Crawford, 541 U.S. at 51-52, 158 L. Ed. 2d at 193, 124 S. Ct. at 1364.

It appears that no Illinois court has decided whether a Breathalyzer certification is admissible in light of Crawford. A majority of out-of-state courts that have considered the issue have held that Breathalyzer certification reports are not testimonial and can be admitted into evidence without running afoul of Crawford. These cases have generally relied on two rationales. Some courts have held that a Breathalyzer certification is simply not accusatory: it does not accuse any particular person of any particular crime. Bohsancurt v. Eisenberg, 212 Ariz. 182, 188-89, 129 P.3d 471, 477-78 (App. 2006); Commonwealth v. Walther, 189 S.W.3d 570, 575 (Ky. 2006). Courts have also recognized that Crawford specifically deemed statements admissible under traditional hearsay exceptions to be nontestimonial (Crawford, 541 U.S. at 56, 158 L. Ed. 2d at 195-96, 124 S. Ct. at 1367), and that Breathalyzer certifications fall within these exceptions. Bohsancurt, 212 Ariz. at 187, 129 P.3d at 476; Rackoff v. State, 275 Ga. App. 737, 740-41, 621 S.E.2d 841, 845 (2005).

Both of these rationales apply here. Illinois courts have held that the accuracy of a breath-test machine may be proved through introduction of the logbook, which is a public record and thus subject to a traditional hearsay exception. See People v. Boughton, 268 Ill. App. 3d 170, 173 (1994); People v. Hester, 88 Ill. App. 3d 391, 395 (1980). Defendant concedes this, but argues that these decisions must be reexamined in light of Crawford. We disagree. As noted, Crawford specifically disclaims any intention to restrict traditional hearsay exceptions. By their very nature, these types

of documents are deemed nontestimonial. See Crawford, 541 U.S. at 56, 158 L. Ed. 2d at 195, 124 S. Ct. at 1367.

Moreover, its public nature aside, a Breathalyzer test certification is simply not "testimonial" as the term is used in Crawford. The evidence is not compiled during the investigation of a particular crime, as Crawford contemplates. Bohsancurt, 212 Ariz. at 188, 129 P.3d at 477. Also, the evidence is not "against" any particular defendant. Bohsancurt, 212 Ariz. at 188, 129 P.3d at 477; Rackoff, 275 Ga. App. at 740-41, 621 S.E.2d at 845; see Crawford, 541 U.S. at 51, 158 L. Ed. 2d at 192, 124 S. Ct. at 1364 (confrontation clause "applies to 'witnesses' against the accused"). "[D]ocuments establishing the existence or absence of some objective fact, rather than detailing the criminal wrongdoing of the defendant, are not 'testimonial.' " Michels v. Commonwealth, 47 Va. App. 461, 467, 624 S.E.2d 675, 678 (2006). These considerations are consistent with this court's decisions that, in deciding whether a statement was "testimonial," focused on whether the statement concerned "fault or identity." People v. Purcell, 364 Ill. App. 3d 283, 297 (2006); see also Cumbee, 366 Ill. App. 3d at 499-500.

The document here did no more than establish that Miller had tested the machine and that it was working properly. Miller did not know at the time whether any particular test results would be used in any future prosecution against any particular individual. Indeed, it is conceivable that a reading below 0.08 could have been used by the defense to exonerate a suspect. See People v. Lebrecht, 13 Misc. 3d 45, ___, ___ N.Y.S.2d ___, ___ (2006).

Citing Shiver v. State, 900 So. 2d 615 (Fla. App. 2005), defendant contends that a breath test affidavit is testimonial because it was made under circumstances that would lead an objective witness to believe that its contents would be available for trial. Shiver, 900 So. 2d at 618. We

decline to follow Shiver, because it focuses too narrowly on the question of whether a document may be used in litigation. This was but one of several considerations that Crawford identified as bearing on whether evidence is testimonial. None of the factors was deemed dispositive. Moreover, we do not equate the "abstract possibility" that a document might be used in some future trial with a conclusion that the statement was prepared specifically for litigation. See Bohsancurt, 212 Ariz. at 190, 129 P.3d at 479 (Crawford was directed at statements aimed at a particular defendant or related to a specific case); see also Jarrell v. State, 852 N.E.2d 1022, 1026 (Ind. App. 2006) (same).

We granted defendant leave to cite as additional authority State v. Caulfield, 722 N.W.2d 304 (Minn. 2006). We have considered that case, but find that it is distinguishable. That case involved a laboratory report showing that a substance seized from the defendant was cocaine. Thus, the lab report did concern "fault or identity," as it specifically inculpated the defendant in a pending case. The report there would be more equivalent to the actual breath-test reading in this case, about which Foster testified.

Because the Breathalyzer certification was not "testimonial," defendant's confrontation rights were not infringed. The trial court did not err by admitting it.

The judgment of the circuit court of Du Page County is affirmed.

Affirmed.

GROMETER, P.J., and CALLUM, J., concur.