965 So.2d 273 (2007)
Malaquias GONZALEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 5D06-1781.
District Court of Appeal of Florida, Fifth District.
September 14, 2007.
*274 James S. Purdy, Public Defender, and Brynn Newton, Assistant Public Defender, Daytona Beach, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Mary G. Jolley, Assistant Attorney General, Daytona Beach, for Appellee.
ORFINGER, J.
Malaquias Gonzalez appeals his conviction of burglary of a dwelling. Mr. Gonzalez claims his Sixth Amendment right to confrontation, as explained in Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), was violated by admitting a pawn shop transaction form into evidence during his trial. Crawford held that "[w]here testimonial evidence is at issue, . . . the Sixth Amendment demands what the common law required: unavailability and a prior opportunity for cross examination." Id. at 68, 124 S.Ct. 1354. By its own terms, this rule is applicable only if the contested evidence is testimonial in nature. Here, the parties dispute whether the pawn shop transaction form was testimonial or non-testimonial. As explained below, we conclude it is non-testimonial, admissible as an ordinary business record and affirm.
The theory of the State's case was that Mr. Gonzalez burglarized the Elliott residence, stole a weed whacker, and, shortly thereafter, pawned the weed whacker at the EZ Pawn in Oviedo. Mr. Gonzalez admitted that he pawned the stolen weed whacker, but denied that he had burglarized the Elliott home or knowingly pawned stolen property.
During the State's case-in-chief, Walt Lewandowksi, the General Manager of EZ Pawn, testified that when a customer sells or pawns an item at his store, the staff is required by law to fill out a Florida Pawn Broker's transaction form. See § 539.001(8), Fla. Stat. (2006). Mr. Lewandowksi further testified that EZ Pawn employees complete the computerized transaction forms in the normal course of business. Each transaction form includes the customer's name, address, driver's license number and expiration date, together with the price, brand name, model number, and serial number of the item being purchased or pledged. The date and time of the transaction is filled in automatically by computer. Prior to completing each transaction, the customer is required to place his thumbprint and signature on the transaction form. EZ Pawn also requires a picture ID with every transaction.
Over the objection of defense counsel, the State introduced into evidence the EZ Pawn transaction form detailing the transaction between Mr. Gonzalez and EZ Pawn. That transaction form indicated *275 that EZ Pawn gave Mr. Gonzalez $50 for a weed whacker whose make, model and serial numbers matched the numbers of the Elliotts' stolen weed whacker. The transaction form was signed by Mr. Gonzalez and contained his thumbprint.
While not disputing the authenticity of the transaction form, Mr. Gonzalez argues that the form is testimonial evidence and that its admission violated his Sixth Amendment right to confrontation, as explained in Crawford. While the Crawford court declined to give a comprehensive definition of what evidence is "testimonial" evidence for Sixth Amendment confrontation purposes, it informs us that it "applies at a minimum to prior testimony at a preliminary hearing, before a grand jury, or at a former trial; and to police interrogations." 541 U.S. at 68, 124 S.Ct. 1354. The evidence at issue here does not fall in any of these categories.
Crawford further observed that "[m]ost of the hearsay exceptions covered statements that by their nature were not testimonialfor example, business records or statements in furtherance of a conspiracy." Id. at 56, 124 S.Ct. 1354. Some courts have read Crawford's reference to business records to mean that all business records are non-testimonial. See, e.g., State v. Kronich, 131 Wash.App. 537, 128 P.3d 119, 123 (2006) (holding that order revoking defendant's driver's license and letter from Department of Licensing, stating that license had not been reinstated, were business records, and, therefore, non-testimonial) (citing State v. N.M.K., 129 Wash. App. 155, 118 P.3d 368, 372 (2005) (determining that letter from Department of Licensing stating that defendant did not have a driver's license was non-testimonial because it proved the absence of a business record)); Riner v. Commonwealth, 268 Va. 296, 601 S.E.2d 555, 570 (2004) (deciding that entry in pawn shop journal was not testimonial hearsay because it was business record).
Florida courts, however, have instead focused on the purpose for which the record was created or maintained, concluding that certain records, which are by their nature accusatory and describe criminal wrongdoing by a defendant, are testimonial even if otherwise admissible as business records. See Johnson v. State, 929 So.2d 4, 8 (Fla. 2d DCA 2005) ("The business records exception may have been the vehicle for admitting the report, but the vehicle does not determine the nature of the out-of-court statement."), review granted State v. Johnson, 924 So.2d 810 (Fla.2006); Belvin v. State, 922 So.2d 1046 (Fla.4th DCA 2006) (holding that breath test affidavits are not all non-testimonial simply because they fall under public records exception), review granted State v. Belvin, 928 So.2d 336 (Fla.2006). Several courts have distinguished business records that have been prepared for use at trial or are accusatory in nature from other routine business records. Compare Johnson, 929 So.2d at 7 (determining that FDLE lab test "prepared pursuant to police investigation and admitted to establish an element of a crime is testimonial hearsay even if it is admitted as a business record" because "by its nature, it is intended to bear witness against an accused"), Belvin, 922 So.2d at 1051 (concluding that breath test affidavits are testimonial evidence in DUI case because they are admitted to prove critical element of crime), and Shiver v. State, 900 So.2d 615, 618 (Fla. 1st DCA 2005) (maintaining that section of breath test affidavit was testimonial because it contained statements one would reasonably expect to be used prosecutorially, was made under circumstances that would lead an objective witness to reasonably believe statements would be available for trial, and was prepared solely for admission at trial), with Card v. State, 927 *276 So.2d 200, 203 (Fla. 5th DCA 2006) (holding that driving record is non-testimonial because it contains "neither expressions of opinion nor conclusions requiring the exercise of discretion, and is not made or kept for law enforcement or trial purposes"), and Desue v. State, 908 So.2d 1116 (Fla. 1st DCA 2005) (contrasting non-testimonial Department of Corrections "Crime and Time Report," which was admitted to show that defendant was prison releasee reoffender, with breath test affidavit that was prepared for use in particular case).
We conclude that a pawn shop transaction form is more similar to the records considered in Card and Desue, than those in Johnson, Belvin, and Shiver. Most notably, a pawn shop transaction form is not prepared primarily to be used in a criminal prosecution with the purpose of bearing witness against the customer. While a transaction form might be used in a criminal prosecution, see section 539.001(9), Florida Statutes (2005) (requiring that pawn shop owners submit transaction forms to local law enforcement on a daily basis), it has other record-keeping purposes. Primarily, the transaction form documents a clear and unambiguous record of the terms of the transaction between the pledgor/seller and the pawn shop. See generally § 539.001(8), Fla. Stat. (2005).
Most businesses maintain records in the ordinary course of commercial activity. Many of those records are kept to comply with various federal, state and local laws. That fact notwithstanding, we cannot accept the notion that simply because the law requires a record to be maintained, and the possibility exists that such a record might be used in a criminal prosecution, an otherwise ordinary business record somehow morphs into testimonial hearsay. The Supreme Court made clear in Crawford that the "principal evil at which the Confrontation Clause was directed was the civil-law mode of criminal procedure, and particularly its use of ex parte examinations as evidence against the accused." 541 U.S. at 50, 124 S.Ct. 1354. The pawn shop transaction form used in evidence at Mr. Gonzalez's trial was not prepared or obtained in a manner remotely resembling an ex parte examination. We believe that most true business records will not be "testimonial" because they do not contain accusations of criminal activity and were not prepared for use in prosecuting criminal matters. That was certainly the case here. Accordingly, we conclude that the pawn shop transaction record was not testimonial hearsay prohibited by Crawford. The judgment of the trial court is affirmed.
AFFIRMED.
MONACO and EVANDER, JJ., concur.