No. 3--06--0264

Filed October 2, 2008

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2008

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 9th Judicial Circuit, McDonough County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 04--DT--256 |
| MARK D. RUSSELL, | ) ) | Honorable Larry W. Heiser, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE SCHMIDT delivered the opinion of the court:

A jury found the defendant, Mark D. Russell, guilty of driving with a blood alcohol content of 0.08 or greater (625 ILCS 5/11--501(a)(1) (West 2004)) and driving under the influence of alcohol (DUI) (625 ILCS 5/11--501(a)(2) (West 2004)).  The trial judge entered judgment only on the DUI count (625 ILCS 5/11--501(a)(2) (West 2004)) and sentenced defendant to one year of conditional discharge along with various fines and fees.  On appeal, the defendant argues that the court erred by (1) denying his motion for expert witness fees; (2) conducting jury *voir dire* off the record in violation of Illinois Supreme Court Rule 608(a)(9) (210 Ill. 2d R. 608(a)(9)); and (3) admitting hearsay

documents in evidence in violation of the confrontation clause of the United States Constitution (U.S. Const., amend. VI), under the holding of *Crawford v. Washington*, 541 U.S. 36, 158 L. Ed. 2d 177, 124 S. Ct. 1354 (2004). We affirm.

## I. BACKGROUND

On September 12, 2004, the State charged the defendant by traffic citations with having committed both (1) driving with a blood alcohol content of 0.08 or greater (625 ILCS 5/11--501(a)(1) (West 2004)); and (2) DUI (625 ILCS 5/11--501(a)(2) (West 2004)). At the trial, which took place in 2006, Bushnell police officer Jeffrey Borders testified that he stopped the defendant's vehicle for speeding. According to Borders, defendant exhibited indicia of alcohol consumption. Borders asked defendant to perform field sobriety tests. After the defendant failed the tests, Borders arrested him and transported him to the police station. At the station, Borders administered a breath test to the defendant, using the police department's "Intoxilyzer" brand breath-testing machine. Defendant's breath sample registered as 0.162.

## A. Expert Witness Fees

Prior to trial, the defendant filed a motion for expert witness fees, citing "725 ILCS 5/113-3" (725 ILCS 5/113--3(d) (West 2004)). In his motion, the defendant noted that the State intended to submit evidence concerning field sobriety tests and a

breath test.  The defendant argued that because he was indigent, he was entitled to $1,800 to pay an expert witness to testify concerning the field sobriety tests and the breath test.  In a written order, the trial court denied the motion, stating that the defendant had "not demonstrated circumstances warranting the need *** for expert witness fees."

During the trial, the jury watched a videotape of the defendant performing the field sobriety tests.  The State submitted both testimony and documents concerning the defendant's breath test.

### B. *Voir Dire*

The record shows that the court conducted the *voir dire* without a court reporter present.  The only reference in the record to the *voir dire* appears in a parenthetical statement at the beginning of the trial transcript, which states, "(THE VOIR DIRE WAS NOT REPORTED BY THE REPORTER)."  The record does not indicate whether the defendant contemporaneously objected to the *voir dire* being conducted without being recorded by the court reporter.  The defendant did not raise the issue in a posttrial motion.  Defendant alleges no irregularity with respect to *voir dire* other than the failure to record it.

### C. Hearsay Documents

Borders testified that he was certified to operate the Intoxilyzer, but that he was not authorized to test the machine's

accuracy. Borders said that the Intoxilyzer was tested at least every 62 days by an Illinois state trooper to assure its accuracy and calibration.

The prosecutor then offered exhibit 4, which was an affidavit from Illinois State Trooper Stephen Danay, executed on August 31, 2004. In the affidavit, Danay stated that he was authorized to test the Intoxilyzer. Danay said that he tested the machine twice on August 31, using reference samples. At 9:16 a.m. on August 31, the Intoxilyzer read the sample as 0.082, and at 9:17 a.m. the machine read the sample as 0.081. Danay, therefore, certified the machine's accuracy and calibration as of August 31.

Next, the prosecutor submitted exhibit 5, which was a similar affidavit signed by Danay on October 20, 2004. On that date, the Intoxilyzer read the sample at 2:40 p.m. as 0.083, and at 2:41 p.m. as 0.082. Again, Danay certified the machine's accuracy and calibration as of October 20.

The prosecutor also offered exhibit 6, which was a page from the police department's log book for the Intoxilyzer. The page contained several entries showing (1) certification tests done by Danay on various dates; and (2) breath tests that were either given or refused by various defendants on various dates. Among other entries, the page showed (1) the two certification tests done by Danay on August 31, 2004; (2) the defendant's name as the

4

subject of a breath sample taken on September 13, 2004; and (3) the two tests done by Danay on October 20, 2004. The entries done by Danay bore his signature, and the entry concerning the defendant's breath sample bore Borders' signature. The log book page showed the defendant's breath sample as registering 0.162.

Additionally, the prosecutor submitted exhibit 8, which was a printed readout from the Intoxilyzer on September 12, 2004. The defendant's name was handwritten as the subject of the readout. Borders acknowledged that the date of the readout (September 12) and the handwritten date of the defendant's breath sample in the log book (September 13) inaccurately differed by one day. September 12 was the correct date. The readout showed that blank air samples taken both before and after the defendant's breath sample read 0.000. The defendant's breath sample registered as 0.162. The readout was signed by Borders as the operator who conducted both the defendant's breath test and the two blank air tests.

The defendant objected to the admission of exhibits 4, 5, 6, and 8 on the basis that the documents violated the confrontation clause of the United States Constitution, under the holding of *Crawford*. The court overruled the defendant's objection, stating that the documents were admissible as business records.

At the conclusion of the trial, the jury found the defendant guilty of both DUI charges. The court denied the defendant's

motion for a new trial, in which, among other arguments, the defendant renewed his objections to the admission of exhibits 4, 5, 6, and 8. At the sentencing hearing, the court entered a judgment of conviction and sentence only as to section 11--501(a)(2). The defendant appeals.

## II. ANALYSIS

### A. Expert Witness Fees

The defendant contends that the court erred by denying his motion for expert witness fees. The State submits that because the defendant was charged with a misdemeanor, he was not eligible to obtain expert witness fees. Alternatively, the State argues that, even if eligible, the defendant failed to show that he was entitled to such fees.

The statute under which the defendant requested expert witness fees states that, "[i]n capital cases, *** if the court determines that the defendant is indigent the court may *** order the county *** to pay necessary expert witnesses for defendant reasonable compensation *** not to exceed $250." 725 ILCS 5/113--3(d) (West 2004). In *People v. Watson*, 36 Ill. 2d 228, 221 N.E.2d 645 (1966), the Illinois Supreme Court extended the applicability of section 113--3(d) to noncapital felonies. In *People v. Kinion*, 97 Ill. 2d 322, 454 N.E.2d 625 (1983), the court ruled that courts may exceed the $250 limit imposed by the statute. We review a trial court's decision concerning whether

6

to grant expert witness fees for abuse of discretion. *People v. Wilson*, 117 Ill. App. 3d 744, 453 N.E.2d 949 (1983).

Initially, the State contends that the defendant was not entitled to expert witness fees because he was charged with a misdemeanor. The State notes that while the *Watson* court extended the applicability of such fees to felonies, the defendant has cited no case where a court stated that such fees were applicable to misdemeanors. There exists no authority for the expert witness fees in this case. The trial judge did not abuse his discretion in denying them. Defendant asks this court to expand the law to allow expert witness fees for a misdemeanor defense. We believe that it is the province of the legislature or the Illinois Supreme Court to make the drastic change in the law urged by defendant. We will not do so. The decision to deny expert witness fees is affirmed.

### B. *Voir Dire*

The defendant submits that he is entitled to a new trial because the trial court failed to have the court reporter record the jury *voir dire* proceedings. The State contends that the defendant has forfeited this issue on appeal because the record does not show that he both contemporaneously objected and renewed his objection in a posttrial motion.

In order to preserve an issue for appeal, a defendant must raise it both in a contemporaneous objection and a written

7

posttrial motion. *People v. Lewis*, 223 Ill. 2d 393, 860 N.E.2d 299 (2006). An issue that is not so preserved is forfeited on review. *People v. Woods*, 214 Ill. 2d 455, 828 N.E.2d 247 (2005). However, we may consider a forfeited issue for plain error. 134 Ill. 2d R. 615(a). The plain error rule permits review of a forfeited question where (1) the evidence was closely balanced; or (2) the error was so substantial that it would affect the fundamental fairness of the proceeding and the integrity of the judicial process. *People v. Hall*, 194 Ill. 2d 305, 743 N.E.2d 521 (2000).

In this case, the defendant failed to preserve his argument by both contemporaneously objecting and by raising it in a posttrial motion. Therefore, the issue is forfeited on appeal. Concerning plain error analysis, the evidence in this case was not closely balanced. Nonetheless, we will consider the defendant's question for plain error because it concerns the fundamental fairness of the proceedings and the integrity of the judicial process. See *Hall*, 194 Ill. 2d 305, 743 N.E.2d 521.

Illinois Supreme Court Rule 608(a)(9) states that in all criminal cases, "court reporting personnel *** shall take the record of the proceedings regarding the selection of the jury." 210 Ill. 2d R. 608(a)(9). In *People v. Houston*, 226 Ill. 2d 135, 874 N.E.2d 23 (2007), the Illinois Supreme Court considered the effect of a trial court's failure to follow Rule 608(a)(9).

8

Although the issues raised by the defendant in *Houston* were distinguishable from the issues raised by the instant defendant, we find the court's pronouncements in *Houston* to be instructive regarding the *voir dire* issue raised in this case.

In *Houston*, on appeal the defendant challenged the racial composition of the jury under *Batson v. Kentucky*, 476 U.S. 79, 90 L. Ed. 2d 69, 106 S. Ct. 1712 (1986). In the trial court, the defendant's attorney twice waived the presence of the court reporter during jury *voir dire*. On review, the defendant argued that his trial counsel provided ineffective assistance by waiving the presence of the court reporter during *voir dire*. The *Houston* court ruled that although the attorney's conduct fell below an objective standard of reasonableness, the court could not determine whether the defendant had suffered prejudice with regard to his *Batson* claim. Consequently, our supreme court remanded the matter to the trial court to reconstruct the jury *voir dire* proceedings.

The *Houston* court noted that failure to record jury *voir dire* proceedings created neither: (1) a showing of ineffective assistance of counsel; nor (2) a presumption of prejudice. See *Houston*, 226 Ill. 2d 135, 874 N.E.2d 23. The supreme court did not rule that the defendant was entitled to a new trial because of the trial court's failure to record the *voir dire*, but rather,

9

the court remanded the matter because of the defendant's alleged *Batson* issue.

In the present case, the defendant has not raised an issue, such as a *Batson* claim, showing that he is entitled to a remand to reconstruct the *voir dire* proceedings. In fact, he alleges no irregularity in jury selection other than the failure to have a reporter present. Rather, his brief suggests that a review of a transcript of *voir dire* might possibly reveal some error. The trial court's failure to record the jury *voir dire*, by itself, did not create a presumption of prejudice. See *Houston*, 226 Ill. 2d 135, 874 N.E.2d 23. Failure to record *voir dire* here did not constitute plain error.

## C. Hearsay Documents

The defendant contends that the trial court's admission of exhibits 4, 5, 6, and 8 in evidence violated the confrontation clause of the United States Constitution, under the holding of *Crawford*. In essence, defendant's argument is that the admission of exhibits 4, 5, and 6 (relating to the Intoxilyzer's accuracy), without the opportunity to cross-examine Trooper Danay, violated *Crawford*. Without the foundation provided by these exhibits, the printed test result (exhibit 8) was inadmissible. The State argues that under *Crawford*, the documents did not violate the confrontation clause because they were not testimonial. Because this issue concerns whether the trial court violated a

10

constitutional right, the standard of review is *de novo*. *People v. Burns*, 209 Ill. 2d 551, 809 N.E.2d 107 (2004).

Initially, we note that the trial court correctly determined the exhibits at issue to be admissible as business records under section 5(a), which provides that in criminal trials in Illinois, "[a]ny writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence, or event, shall be admissible as evidence of such act, transaction, occurrence, or event, if made in regular course of any business, and if it was the regular course of such business to make such memorandum or record at the time of such act, transaction, occurrence, or event or within a reasonable time thereafter." 725 ILCS 5/115--5(a) (West 2006)

In the present case, the evidence established that all of the disputed exhibits were admissible as business records; they were made in the regular course of business and it was the regular course of the police department to make such records at the time of the events in question. 725 ILCS 5/115--5(a) (West 2006); *People v. White*, 167 Ill. App. 3d 439, 521 N.E.2d 563, *appeal denied*, 122 Ill. 2d 591, 531 N.E.2d 261 (1988). Having decided that the records are otherwise admissible as business records, we must address whether the documents are admissible in light of the Supreme Court's decision in *Crawford v. Washington*, 541 U.S. 36, 158 L. Ed. 2d 177, 124 S. Ct. 1354 (2004).

11

The confrontation clause of the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right *** to be confronted with the witnesses against him." U.S. Const., amend. VI. In *Crawford*, 541 U.S. 36, 158 L. Ed. 2d 177, 124 S. Ct. 1354, the United States Supreme Court held that a testimonial hearsay statement is inadmissible, as violative of the confrontation clause, unless (1) the declarant is unavailable; and (2) the defendant had a prior opportunity to cross-examine the declarant concerning the statement.

In *People v. So Young Kim*, 368 Ill. App. 3d 717, 859 N.E.2d 92 (2006), the court ruled that an affidavit certifying the accuracy of a Breathalyzer did not violate the confrontation clause under *Crawford*. Justice Hutchinson, writing for the Second District of the Appellate Court, succinctly and correctly analyzed the issue before us. Clearly, the documents are hearsay. Under *Crawford*, the question is whether they are "testimonial" hearsay. *Kim* points out that *Crawford* specifically deemed that statements admissible under traditional hearsay exceptions to be nontestimonial and that Breathalyzer certifications fall within these exceptions. *Kim*, 368 Ill. App. 3d at 717, 859 N.E.2d at 92. Furthermore, "its public nature aside, a Breathalyzer test certification is simply not 'testimonial' as the term is used in *Crawford*." *Kim*, 368 Ill. App. 3d at 719-20, 859 N.E.2d at 94. We adopt the reasoning of

12

*Kim* and hold that admission of affidavits and the log book entries certifying the accuracy of police breath alcohol testing machines (exhibits 4, 5 and 6) does not violate defendant *Crawford*'s right to confront witnesses against him. The admission of exhibits 4, 5 and 6 provided adequate foundation for the admission of the test results (exhibit 8).

In summary, we find no error in the admission of exhibits 4, 5, 6 and 8.

CONCLUSION

For the foregoing reasons, we affirm the judgment of the McDonough County circuit court.

Affirmed.

LYTTON, J., concurs.

PRESIDING JUSTICE McDADE, dissenting:

The majority has affirmed the circuit court of McDonough County, holding that the court did not err (1) in denying defendant's motion for expert witness fees, (2) in conducting jury *voir dire* off the record in violation of Illinois Supreme Court Rule 608 (a) (9) (210 Ill. 2d R. 608 (a) (9)), or (3) in admitting hearsay documents in evidence in violation of the confrontation clause of the United States Constitution (U.S. Const., amend. VI), and the holding of Crawford v. Washington, 541 U.S. 36, 158 L. Ed. 2d 177, 124 S. Ct. 1354 (2004). I concur with the decision that there was no error in denying expert

13

witness fees.  I disagree with the other two holdings and, therefore, respectfully dissent.

Admission of exhibits 4, 5, 6, and 8

The confrontation clause of the United States Constitution says that "[i]n all criminal prosecutions, the accused shall enjoy the right *** to be confronted with the witnesses against him."  U.S. Const., amend. VI.  In Crawford, 541 U.S. 36, 158 L. Ed. 2d 177, 124 S. Ct. 1354, the United States Supreme Court held that a testimonial hearsay statement is inadmissible, as violative of the confrontation clause, unless (1) the declarant is unavailable; and (2) the defendant had a prior opportunity to cross-examine the declarant concerning the statement.

The Crawford Court explained that hearsay statements are testimonial if they are "made for the purpose of establishing or proving some fact" at trial.  Crawford, 541 U.S. at 51, 158 L. Ed. 2d at 192, 124 S. Ct. at 1364.  Testimonial statements include those made in affidavits "that declarants would reasonably expect to be used prosecutorially" and "statements *** made under circumstances which would lead an objective witness reasonably to believe that the statement[s] would be available for use at a later trial."  Crawford, 541 U.S. at 51-2, 158 L. Ed. 2d at 193, 124 S. Ct. at 1364.

14

Thus, under Crawford, the threshold test in this case is whether the hearsay statements in exhibits 4, 5, 6, and 8 were testimonial. I would find that the statements in these exhibits were testimonial because they were made (1) for the purpose of establishing or proving the fact that the defendant's blood alcohol content was 0.08 or greater at the time of the offense; and (2) under circumstances that would lead an objective witness reasonably to believe that the statements would be available for use at a DUI trial.

Specifically, the page of the log book in exhibit 6 was created in anticipation of criminal litigation against the defendant and other defendants named on the page. This page referenced the Intoxilyzer tests that were the subjects of Danay's affidavits in exhibits 4 and 5. These three documents taken together (exhibits 4, 5, and 6) show that they were created in anticipation of criminal litigation against the defendant and other defendants. Clearly, the Intoxilyzer readout in exhibit 8 was made in anticipation of DUI litigation solely against the defendant. Therefore, the documents in exhibits 4, 5, 6, and 8 contained testimonial hearsay statements.

Having established that exhibits 4, 5, 6, and 8 were testimonial hearsay statements, under Crawford, the next question is whether the declarants of the statements were unavailable. Danay was the declarant of exhibits 4 and 5. Both Danay and

15

Borders were the declarants of exhibit 6 because both of their signatures appeared on the document next to the relevant entries. Borders was the declarant of exhibit 8. The record does not show that Danay was unavailable. Clearly, Borders was available because he testified. Exhibits 4, 5, 6, and 8 fail the <u>Crawford</u> test concerning the unavailability of the declarants of testimonial hearsay statements. Because the record shows that the declarants were not unavailable, it is unnecessary to consider whether the defendant also had a prior opportunity to cross-examine the declarants. See <u>Crawford</u>, 541 U.S. 36, 158 L. Ed. 2d 177, 124 S. Ct. 1354. Thus, I believe exhibits 4, 5, 6, and 8 were inadmissible under the holding of <u>Crawford</u>.

In this case, the trial court admitted the disputed exhibits under the business records exception to the hearsay rule. In criminal trials in Illinois,

"[a]ny writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence, or event, shall be admissible as evidence of such act, transaction, occurrence, or event, if made in regular course of any business, and if it was the regular course of such business to make such memorandum or record at the time of such act, transaction,

16

occurrence, or event or within a reasonable time thereafter."  725 ILCS 5/115--5(a) (West 2006). However, with exceptions that are not applicable to the present case,

> "[n]o writing or record made in the regular course of any business shall become admissible as evidence by the application of [section 115--5] if *** such writing or record has been made by anyone during an investigation of an alleged offense or during any investigation relating to pending or anticipated litigation of any kind."  725 ILCS 5/115--5(c)(2) (West 2006).

Under section 115--5(c)(2), exhibits 4, 5, 6, and 8 were not admissible as business records.  As stated above, these documents were created during investigations relating to anticipated DUI litigation, and therefore were inadmissible as business records. Moreover, these exhibits essentially were police reports, which Illinois courts have long held to be inadmissible under the business records exception to the hearsay rule.  See People v. Smith, 38 Ill. 2d 13, 230 N.E.2d 188 (1967); People v. Shinohara, 375 Ill. App. 3d 85, 872 N.E.2d 498 (2007).

While I acknowledge that in People v. So Young Kim, 368 Ill. App. 3d 717, 859 N.E.2d 92 (2006), the Illinois Appellate Court, Second District, ruled that an affidavit certifying the accuracy of a breathalyzer did not violate the confrontation clause under

17

Crawford, I believe Kim to be factually distinguishable from the situation we consider here. In Kim, unlike the present case, the court did not discuss whether the affidavit was related to the breathalyzer log book entry that concerned the defendant. In the present case, however, Danay's affidavits, taken together with the log book entry concerning the defendant, show how the affidavits and the log book entry were created in anticipation of the litigation in this case. Furthermore, the Kim court did not consider a readout from the breathalyzer, as the court did in the instant case. Because Kim is factually distinguishable from this case, I would find its ruling to be inapplicable.

Additionally, the Kim court rejected the holding of a persuasive case from another jurisdiction that was raised by the parties in this case, which is Shiver v. State, 900 So. 2d 615 (Fla. App. 2005). I agree with the reasoning in Shiver. The Shiver court noted that the only purpose for preparing an affidavit concerning the accuracy and calibration of a breathalyzer is so that the document may be used in litigation. Indeed, the only reason for a breathalyzer's existence is for DUI litigation. As the Shiver court pointed out, the result of a breathalyzer test is only admissible if the machine has been properly tested for accuracy and calibration. Thus, documentary evidence concerning a breathalyzer's accuracy and calibration also only exists in anticipation of DUI litigation.

18

Certainly there are other persuasive cases from foreign jurisdictions that have disagreed with the holding of Shiver, including a second court from the same state as Shiver. See, e.g., Pflieger v. State, 952 So. 2d 1251 (Fla. App. 2007); Jarrell v. State, 852 N.E.2d 1022 (Ind. App. 2006). Nonetheless, I believe the Shiver decision to be more well-reasoned than the cases that disagree with Shiver.

In summary, I find that exhibits 4, 5, 6, and 8 were inadmissible in this case, as violative of the confrontation clause of the United States Constitution, under the holding of Crawford. I further find that these exhibits were not admissible under the business records exception to the hearsay rule, contrary to the trial court's ruling. Therefore, I would hold that the trial court erred as a matter of law by admitting these exhibits in evidence, in violation of the defendant's constitutional right.

The exhibits in question concerned whether the defendant was DUI because his blood alcohol content was 0.08 or greater, under the elements of section 11--501(a)(1). Although the defendant was not sentenced under section 11--501(a)(1), the evidence at issue was also admissible to show that he was DUI under section 11--501(a)(2), for which he was sentenced. Thus, the defendant is entitled to a new trial because the jury considered this inadmissible evidence in reaching its decision, for which there

19

was a final judgment.  See People v. Oehrke, 369 Ill. App. 3d 63, 860 N.E.2d 416 (2006).

Because I would reverse and remand for a new trial based on the Crawford issue, it is unnecessary to reach the other issues raised by the defendant.  However, I think it is important to point out that, despite its seemingly contradictory actions, the Illinois Supreme Court clearly reiterated that Rule 608(a)(9) (concerning the presence of a court reporter during jury voir dire) is not a mere suggestion, but rather, has the force of law, and is to be obeyed.  See People v. Houston, 226 Ill. 2d 135, 874 N.E.2d 23 (2007).

## CONCLUSION

For the foregoing reasons, I concur on the issue of the denial of expert witness fees and respectfully dissent from the balance of the majority's decision.  I believe this matter should be remanded to the circuit court of McDonough County for a new trial.