915 So.2d 624 (2005)
Catherine M. KIRSCHNER, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-4037.
District Court of Appeal of Florida, Second District.
September 7, 2005.
Rehearing Denied November 17, 2005.
*625 James Marion Moorman, Public Defender, and Paul C. Helm, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Anne Sheer Weiner, Assistant Attorney General, Tampa, for Appellee.
VILLANTI, Judge.
Catherine M. Kirschner appeals an order withholding adjudication and placing her on probation for driving while her driver's license was revoked under the habitual traffic offender statute[1] in violation of section 322.34(5), Florida Statutes (2004). Because the State's evidence was insufficient to prove that Kirschner's license was revoked based on the habitual traffic offender statute, we reverse.
To sustain a conviction under section 322.34(5), the State is required to prove that Kirschner's license was suspended or revoked under the habitual traffic offender statute and that she drove a vehicle on the highways of the State of Florida at a time when the Department of Highway Safety and Motor Vehicles had revoked her license and given notice of the revocation. See State v. Fields, 809 So.2d 99, 101 (Fla. 2d DCA 2002). The statute permits the State to prove revocation based on the habitual traffic offender statute "by presenting a certified copy of the motorist's driving record maintained by [the] DMV." Id.
Here, the State apparently had a copy of Kirschner's driving record but never introduced it into evidence. During the nonjury trial, the court asked the State if it had Kirschner's driving record. The State said that it did have the record and asked the court to take judicial notice of it. Kirschner's public defender objected and there was some discussion as to whether the driving record was hearsay and whether it was a self-authenticating document. The court noted Kirschner's objection, perhaps overruling it by implication, but never actually took judicial notice of the driving record. Then, without ever having moved the driving record into evidence, the State rested, and Kirschner moved for judgment of acquittal. The court denied the motion and subsequently entered an order withholding adjudication and placing Kirschner on probation. On appeal, Kirschner's public defender initially filed an Anders[2] brief stating that no meritorious appealable issues were presented by her case. This court ordered supplemental briefing addressing whether the State's failure to introduce the driving record was *626 fundamental error. In response, the State submitted a brief asserting that it is an "undisputed fact that the State introduced a copy of the appellant's driving record." However, the State was unable to comply with this court's request that it identify where the driving record was located in the record on appeal and where in the transcript of the trial the State introduced the driving record into evidence.
Because the State failed to actually introduce the driving record into evidence, it failed to establish two essential elements of a violation of section 322.34(5)that Kirschner's license was revoked and that the revocation was based on the habitual traffic offender statute.[3] Accordingly, we reverse the court's withhold of adjudication and remand this case to the trial court with directions to dismiss the charge.
Reversed and remanded.
CASANUEVA and LaROSE, JJ., concur.
NOTES
[1] § 322.264, Fla. Stat. (2004).
[2] Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); In re Anders Briefs, 581 So.2d 149 (Fla.1991).
[3] We reject the State's suggestion that Kirschner failed to preserve the issue of sufficiency of the evidence. See F.B. v. State, 852 So.2d 226, 230-31 (Fla.2003) (noting that "an argument that the evidence is totally insufficient as a matter of law to establish the commission of a crime need not be preserved. Such complete failure of the evidence meets the requirements of fundamental errori.e., an error that reaches to the foundation of the case and is equal to a denial of due process.").