927 So.2d 200 (2006)
James CARD, Appellant,
v.
STATE of Florida, Appellee.
No. 5D05-1460.
District Court of Appeal of Florida, Fifth District.
April 28, 2006.
*201 James S. Purdy, Public Defender, and Allison Havens, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Allison Leigh Morris, Assistant Attorney General, Daytona Beach, for Appellee.
ORFINGER, J.
James Card appeals his conviction for driving while his license was revoked as an habitual offender, in violation of section 322.34(5), Florida Statutes (2004). Card argues that driving records are testimonial hearsay; consequently, the rights guaranteed to him by the Confrontation Clause of the Sixth Amendment were violated when his driving record was introduced at trial without a showing that the records custodian of the Florida Department of Highway Safety and Motor Vehicles ("DHSMV") was unavailable and that he had a prior opportunity to cross-examine that person. We hold that a self-authenticating driving record is not testimonial hearsay and affirm Card's conviction.
To sustain a conviction under section 322.34(5), the State must prove "(1) that while [the] defendant's license was revoked as an `habitual offender' (2) he drove a motor vehicle upon the highways of this state." Arthur v. State, 818 So.2d 589, 590 (Fla. 5th DCA 2002); see also Kirschner v. State, 915 So.2d 624, 625 (Fla. 2d DCA 2005). The State may prove revocation as an habitual traffic offender by presenting a certified copy of the defendant's driving record maintained by DHSMV. Kirschner, 915 So.2d at 625.
Section 322.201, Florida Statutes (2004), makes driving records issued by DHSMV self-authenticating and admissible in evidence.[1] That provision notwithstanding, *202 Card argues that the admission of his driving record without testimony from the records custodian violated his Sixth Amendment right to confrontation as explained in Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004).[2] In Crawford, the Supreme Court held that as a prerequisite to the introduction of testimonial hearsay evidence in a criminal trial, the witness who made the statement must be unavailable and the defendant must have had a prior opportunity to cross-examine that witness. However, Crawford made clear that the states have flexibility to develop their own laws governing the admission of non-testimonial hearsay.[3]Id. at 68, 124 S.Ct. 1354. Consequently, the issue here is whether Card's driving record was testimonial hearsay, such that its admission implicated his Sixth Amendment confrontation rights.
The Crawford court defined "testimony" as "[a] solemn declaration or affirmation made for the purpose of establishing or proving some fact," Id. at 51, 124 S.Ct. 1354, but "le[ft] for another day any effort to spell out a comprehensive definition of `testimonial.'" Id. at 68, 124 S.Ct. 1354. However, Crawford makes clear that testimonial hearsay "applies at a minimum to prior testimony at a preliminary hearing, before a grand jury, or at a former trial; and to police interrogations." Id.
Crawford also observed that "[m]ost of the hearsay exceptions covered statements that by their nature were not testimonial for example, business records or statements in furtherance of a conspiracy." Id. at 56, 124 S.Ct. 1354. Some courts have construed this language to mean that any evidence that falls under the business records exception is non-testimonial hearsay. See, e.g., State v. Kronich, 131 Wash.App. 537, 128 P.3d 119, 123 (2006) (holding that an order revoking defendant's driver's license and a letter from the Department of Licensing stating that the license had not been reinstated were business records, and, therefore, non-testimonial) (citing State v. N.M.K., 129 Wash.App. 155, 118 P.3d 368, 372 (2005) (determining that a letter from the Department of Licensing, which stated that defendant did not have a driver's license, was non-testimonial because it proved the absence of a business record)); Riner v. Commonwealth, 268 Va. 296, 601 S.E.2d 555, 570 (2004) (holding that an entry in a pawn shop journal was not testimonial hearsay because it was a business record).
Other courts, notably some in Florida, have concluded that despite Crawford's suggestion that all business records are non-testimonial, certain records, which by their nature are accusatory and describe criminal wrongdoing by a defendant, are testimonial even if otherwise admissible as business records, and, therefore, fall under Crawford's proscriptions. For instance, in Johnson v. State, 929 So.2d 4, 2005 WL 3556038 (Fla. 2d DCA Dec. 30, 2005), the second district court held that a law enforcement lab report, which established the illegal nature of the substance that the defendant possessed and had been prepared pursuant to the police investigation and admitted to establish an element of the charged drug crime, was testimonial *203 hearsay subject to the confrontation clause, even though the report was admitted at trial under the business record exception to the hearsay rule. In its opinion, the court explained:
The business records exception may have been the vehicle for admitting the report, but the vehicle does not determine the nature of the out-of-court statement. The nature of the statement is one that is intended to lodge a criminal accusation against a defendantin other words, it is testimonial. The out-of-court statement does not lose its testimonial nature merely because it is contained in a business record.
929 So.2d at 8. See also Belvin v. State, 922 So.2d 1046 (Fla. 4th DCA 2006) (holding that breath-test affidavit written by technician who did not testify was testimonial hearsay because its purpose was clearly for use at trial); Shiver v. State, 900 So.2d 615, 618 (Fla. 1st DCA 2005) (concluding that breath-test affidavit was testimonial hearsay because "the only reason the affidavit was prepared was for admission at trial").
Most recently, in Sproule v. State, 927 So.2d 46, 2006 WL 782483 (Fla. 4th DCA Mar. 29, 2006), the fourth district court held that a driving record is not testimonial in nature, and, therefore, falls outside Crawford's proscriptions. We agree. A driving record properly authenticated by the DHSMV does not seem to us to be testimonial because it is not accusatory and does not describe specific criminal wrongdoing of the defendant. Rather, it merely represents the objective result of a public records search.
Driving records are kept in Florida for the public benefit and are not solely prepared for trial purposes. A driving record contains neither expressions of opinion nor conclusions requiring the exercise of discretion, and is not made or kept for law enforcement or trial purposes.[4] Thus, it clearly falls within the type of hearsay recognized in Crawford that is admissible in a criminal trial without implicating the defendant's confrontation rights. See also Peterson v. State, 911 So.2d 184 (Fla. 1st DCA 2005) (holding that Department of Correction's business records are not testimonial); Desue v. State, 908 So.2d 1116 (Fla. 1st DCA 2005) (holding that computer printout, called a "Crime and Time Report," was admissible under business records exception to hearsay rule to establish defendant's prison release date for purposes of prison releasee reoffender sentencing and was not testimonial under Crawford).
The Supreme Court made clear in Crawford that the "principal evil at which the Confrontation Clause was directed was the civil-law mode of criminal procedure, and particularly its use of ex parte examinations as evidence against the accused." 541 U.S. at 50, 124 S.Ct. 1354. The driving record used in evidence at Card's trial *204 was not obtained in a manner even remotely resembling an ex parte examination. While the developing case law informs us that some business records may be testimonial hearsay, while others are not, here, we have no difficulty in concluding that Card's driving record was not testimonial hearsay. Accordingly, we affirm the judgment of the trial court.
AFFIRMED.
PLEUS, C.J., and SAWAYA, J., concur.
NOTES
[1] Specifically, that statute provides:

322.201 Records as evidence.  A copy, computer copy, or transcript of all abstracts of crash reports and all abstracts of court records of convictions received by the department and the complete driving record of any individual duly certified by machine imprint of the department or by machine imprint of the clerk of a court shall be received as evidence in all courts of this state without further authentication, provided the same is otherwise admissible in evidence. Further, any court or the office of the clerk of any court of this state which is electronically connected by a terminal device to the computer data center of the department may use as evidence in any case the information obtained by this device from the records of the department without need of such certification; however, if a genuine issue as to the authenticity of such information is raised by a party or by the court, the court in its sound discretion may require that a record certified by the department be submitted for admission into evidence. For such computer copies generated by a terminal device of a court or clerk of court, entry in a driver's record that the notice required by s. 322.251 was given shall constitute sufficient evidence that such notice was given.
§ 322.201, Fla. Stat. (2004).
[2] The Sixth Amendment Confrontation Clause guarantees that "in all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him." U.S. Const. amend. VI.
[3] Florida has dealt with the hearsay issue in this case in sections 322.201 (driving records), 90.803(6) (business records), and 90.803(8) (public records).
[4] Section 322.202(1), Florida Statutes (2004), entitled "Admission of evidence obtained from the Division of Driver Licenses and the Division of Motor Vehicles," provides:

The Legislature finds that the Division of Driver Licenses and the Division of Motor Vehicles of the Department of Highway Safety and Motor Vehicles are not law enforcement agencies. The Legislature also finds that the divisions are not adjuncts of any law enforcement agency in that employees have no stake in particular prosecutions. The Legislature further finds that errors in records maintained by the divisions are not within the collective knowledge of any law enforcement agency. The Legislature also finds that the missions of the Division of Driver Licenses, the Division of Motor Vehicles, and the Department of Highway Safety and Motor Vehicles provide a sufficient incentive to maintain records in a current and correct fashion.