927 So.2d 46 (2006)
Gary Paul SPROULE, Appellant,
v.
STATE of Florida, Appellee.
No. 4D04-4598.
District Court of Appeal of Florida, Fourth District.
March 29, 2006.
Order Denying Rehearing and Granting Certification May 17, 2006.
*47 Carey Haughwout, Public Defender, and Richard B. Greene, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and James J. Carney, Assistant Attorney General, West Palm Beach, for appellee.
POLEN, J.
Appellant Gary Sproule timely appeals a conviction for Habitual Driving While License Revoked and sentence of one year in county jail plus eighteen months' probation. He argues that the admission of his driving record at trial was hearsay and a violation of his Sixth Amendment right to confront and cross-examine under Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). For the reasons stated herein, we affirm.
Sproule was charged with one count of Habitual Driving While License Revoked. During the jury trial, the State introduced Sproule's driving record as evidence that his license had been revoked as a habitual traffic offender. Defense counsel objected that the driving record was hearsay and a violation of Sproule's Sixth Amendment right to confront and cross-examine witnesses against him under Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). The trial court overruled the objections and Sproule's driving record was admitted. Sproule argues that this was error. In this case we are asked a pure question of law, and thus the appropriate standard of review is de novo. See Armstrong v. Harris, 773 So.2d 7, 11 (Fla.2000) ("[T]he standard of review for a pure question of law is de novo.").
Crawford does not alter the law regarding nontestimonial material that qualifies as a firmly rooted exception to the hearsay rule. The Supreme Court in Crawford explained that such material does not implicate the confrontation clause:
Where nontestimonial hearsay is at issue, it is wholly consistent with the Framers' design to afford the States flexibility in their development of hearsay law ... as would an approach that exempted such statements from Confrontation Clause scrutiny altogether. Where testimonial evidence is at issue, however, the Sixth Amendment demands what the common law required: unavailability and a prior opportunity for cross-examination.
Id. at 68, 124 S.Ct. 1354.
We hold that a driving record is not testimonial in nature, and therefore Sproule did not have a Sixth Amendment right to confront and cross-examine a witness concerning the compilation of that record. See State v. Kronich, 128 P.3d 119 (Wash.App.2006) (holding defendant was not denied his Sixth Amendment confrontation rights under Crawford when the court allowed admission of a Department of Licensing record custodian's certification regarding the status of defendant's driving privileges, since Crawford did not change the law pertinent to admission of *48 nontestimonial hearsay that falls within a hearsay exception); State v. N.M.K., 129 Wash.App. 155, 118 P.3d 368 (2005) (holding that certified copy of the absence of a driver's license is not testimonial under Crawford).
Crawford acknowledged that some hearsay[1] evidence is admissible against a criminal defendant without implicating the defendant's Sixth Amendment confrontation rights. 541 U.S. at 56, 124 S.Ct. 1354. Crawford specifically allowed for hearsay exceptions that cover "statements that by their nature were not testimonialfor example, business records or statements in furtherance of a conspiracy." Id. The Supreme Court has also held that "business and public records exceptions would seem to be among the safest of the hearsay exceptions." Ohio v. Roberts, 448 U.S. 56, 66 n. 8, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980). There is no dispute that a driving record containing habitualization entries maintained by the Florida Department of Motor Vehicles and provided to the court constitutes hearsay. However, under Florida law, this hearsay statement qualifies under a specific hearsay exception: as a certified copy of a public record.[2]See Arthur v. State, 818 So.2d 589, 591 (Fla. 5th DCA 2002) (holding that a certified copy of defendant's entire driving record showing his classification as an habitual traffic offender, his numerous convictions, and the revocation of his driving license is a public record and a report of a public office or agency and is excepted from the hearsay rule under section 90.803(8), Florida Statutes[3]). The certified copy of Sproule's driving record was properly admitted as a hearsay exception under section 90.803(8), Florida Statutes. Because Crawford did not change the law pertinent to admission of nontestimonial hearsay that falls within a hearsay exception, we hold that the trial court did not err by allowing the admission of Sproule's driving record into evidence.
Based on the foregoing, the judgment and sentence are affirmed.
SHAHOOD and TAYLOR, JJ., concur.

ON MOTION FOR REHEARING
POLEN, J.
We deny appellant's motion for rehearing but certify the following question to the Florida Supreme Court:
*49 WHETHER A DRIVING RECORD AS CONTEMPLATED IN SECTION 322.201, FLORIDA STATUTES, IS TESTIMONIAL IN NATURE, AND THEREFORE A DEFENDANT HAS A SIXTH AMENDMENT RIGHT UNDER CRAWFORD V. WASHINGTON, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), TO CONFRONT AND CROSS-EXAMINE A WITNESS CONCERNING THE COMPILATION OF THAT RECORD?
SHAHOOD and TAYLOR, JJ., concur.
NOTES
[1] "`Hearsay' is statutorily defined as a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." § 90.801(1)(c), Fla. Stat. (2006).
[2] The Florida legislature demonstrated its faith in the trustworthiness of the maintenance of Florida DMV records by mandating that they be self-authenticating: "A copy, computer copy, or transcript of all abstracts of crash reports and all abstracts of court records of convictions received by the department and the complete driving record of any individual duly certified by machine imprint of the department or by machine imprint of the clerk of a court shall be received as evidence in all courts of this state without further authentication, provided the same is otherwise admissible in evidence." § 322.201, Fla. Stat. (2006). See also Rodgers v. State, 804 So.2d 480 (Fla. 4th DCA 2001) (holding certified copy of computer printout of defendant's driving record maintained by the DMV was sufficient to present prima facie case of driving while license was revoked as habitual traffic offender).
[3] Public records and reportsRecords, reports, statements reduced to writing, or data compilations, in any form, of public offices or agencies, setting forth the activities of the office or agency, or matters observed pursuant to duty imposed by law as to matters which there was a duty to report, excluding in criminal cases matters observed by a police officer or other law enforcement personnel, unless the sources of information or other circumstances show their lack of trustworthiness.