952 So.2d 1251 (2007)
Alexandra PFLIEGER, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-1956.
District Court of Appeal of Florida, Fourth District.
April 11, 2007.
*1252 Donna P. Levine of Law Office of Donna P. Levine, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Richard Valuntas, Assistant Attorney General, West Palm Beach, for appellee.
SHAHOOD, J.
The county court certified the following as a question of great public importance:
Whether the introduction of the annual inspection of the breath testing instrument or intoxilyzer as a business or public record violates the Confrontation Clause as interpreted by Crawford v. Washington where the State does not produce any testimonial evidence as to actual annual inspection?
For the reasons stated below, we answer the certified question in the negative.
Appellant was charged with DUI. After being stopped, she agreed to give a breath test. The Intoxilyzer 5000 was the instrument used to record her blood-alcohol level.
At trial, the State called the breath technician Shari O'Neal of the Palm Beach County Sheriff's Department to testify. O'Neal testified that she was the maintenance technician for the applicable Intoxilyzer 5000. Although she did not conduct the annual inspection for the applicable Intoxilyzer 5000 herself, she did observe the annual inspection. Over objection, the annual department inspection report for the applicable Intoxilyzer 5000 was admitted into evidence.
The jury found appellant guilty of DUI and the trial court subsequently issued an order certifying a question of great public importance to this court. The certified question is the first issue in this appeal.
In Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), the United States Supreme Court held that the Confrontation Clause of the Sixth Amendment excludes from evidence any out of court, testimonial statements unless the witness is found to be unavailable and the defense is provided a prior opportunity for cross-examination. Id. at 68, 124 S.Ct. 1354.
The Supreme Court in Crawford provided only a narrow and non-exhaustive list of what may constitute testimonial hearsay, including "prior testimony at a preliminary hearing, before a grand jury, or at a former trial; and . . . police interrogations." Id. at 68, 124 S.Ct. 1354. None of these categories apply in this case. However, the Court in Crawford also provided that business records "by their nature" are not testimonial. Id. at 56, 124 S.Ct. 1354. Nevertheless, some Florida Districts have held that simply because a statement may be labeled as a business record, does not mean that it loses its testimonial nature. Card v. State, 927 So.2d 200, 203 (Fla. 5th DCA 2006); Johnson v. State, 929 So.2d 4, 8 (Fla. 2d DCA 2005), rev. granted, 924 So.2d 810 (Fla.2006).
For evidence that does not fit in the Court's list, the Court instructed that all "formulations . . . of testimonial statements" share a "common nucleus." Crawford, 541 U.S. at 52, 124 S.Ct. 1354. This "common nucleus" present in the various formulations centers on the reasonable expectation of an objective declarant that the declarant's statement may later be used in the investigation or prosecution of a crime. Shennett v. State, 937 So.2d 287, 291 (Fla. *1253 4th DCA 2006). This distinction has been applied to a variety of evidence to determine their testimonial nature. For example, the court in Card found that a driving record was not testimonial, explaining:
A driving record properly authenticated by the DHSMV does not seem to us to be testimonial because it is not accusatory and does not describe specific criminal wrongdoing of the defendant. Rather, it merely represents the objective result of a public records search.
Driving records are kept in Florida for the public benefit and are not solely prepared for trial purposes. A driving record contains neither expressions of opinion nor conclusions requiring the exercise of discretion, and is not made or kept for law enforcement or trial purposes.
927 So.2d at 203; see also Sproule v. State, 927 So.2d 46 (Fla. 4th DCA 2006). Nor was a hospital record of a blood test, which is maintained by the hospital as a medical or business record considered testimonial. Baber v. State, 775 So.2d 258 (Fla.2000). In Baber, the Florida Supreme Court found that the test was administered at the hospital for the purposes of medical treatment, not for the purpose of litigation. Id. at 263. The court explained, the "hospital . . . did not have an interest in the outcome of the future criminal case lodged against the defendant." Id. at 262.
Appellant cites to Shiver v. State, 900 So.2d 615 (Fla. 1st DCA 2005), which found that a trooper's affidavit, establishing the date of the most recent breathalyzer maintenance report, was inadmissible. However, Shiver is distinguishable. In Shiver, the trooper who made the affidavit testified at trial that he did not perform the maintenance nor was he qualified to testify as to whether the instrument met the required statutory predicates. Id. at 618. O'Neal, on the other hand, is a certified maintenance technician with the Palm Beach County Sheriff's Office and observed the annual inspection. Furthermore, the actual documentation of the inspection was entered into evidence rather than simply mentioned in a breath test affidavit. Similarly, in other jurisdictions, certified copies of a breathalyzer's maintenance and test records have been admitted into evidence without in-court testimony by the breath-alcohol technician who performed the maintenance and tests. See, e.g., Commonwealth v. Walther, 189 S.W.3d 570 (Ky.2006) ("Every jurisdiction but one that has considered this issue since Crawford has concluded that maintenance and performance test records of breath-analysis instruments are not testimonial, thus their admissibility is not governed by Crawford."); Jarrell v. State, 852 N.E.2d 1022, 1026 (Ind.Ct.App.2006); People v. So Young Kim, 368 Ill.App.3d 717, 307 Ill.Dec. 92, 859 N.E.2d 92, 94 (2006); State v. Carter, 326 Mont. 427, 114 P.3d 1001, 1007 (2005).
Annual inspection reports contain an inspector's technical review of the Intoxilyzer 5000 pursuant to the applicable administrative requirements. Pursuant to Florida Administrative Code Rule 11D-8.006(1), evidentiary breath test instruments shall be inspected by an agency inspector at least once each calendar month. This inspection "validates the approval, accuracy and reliability of an evidentiary breath test instrument." Fla. Admin. Code R. 11D-8.003(4). Unlike Shiver, where an affidavit was specifically prepared for trial that mentions portions of the report, the actual maintenance report is not compiled during the investigation of a particular crime, as Crawford contemplates. Bohsancurt v. Eisenberg, 212 Ariz. 182, 129 P.3d 471, 477 (2006). The evidence is not "against" any particular defendant. Id.; see Crawford, 541 U.S. *1254 at 51, 124 S.Ct. 1354 (confrontation clause "applies to `witnesses' against the accused"). "[D]ocuments establishing the existence or absence of some objective fact, rather than detailing the criminal wrongdoing of the defendant, are not `testimonial.'" Michels v. Commonwealth, 47 Va.App. 461, 624 S.E.2d 675, 678 (2006).
Taking the above cases and the purpose behind annual inspection reports into consideration, we hold that those reports are non-testimonial. An inspection report, like the hospital record of a blood test, is intended for the non-testimonial purpose of making sure the machine is working properly or for accurate medical treatment, respectively. Using these reports for a litigation purpose is a secondary purpose and therefore does not raise the concerns expressed in Crawford of unreliability.
Appellant next argues the trial court erred in admitting the breath test results when it ruled appellant was not entitled to the manufacturers' proprietary "source code" information for the Intoxilyzer 5000. We affirm as to this issue. See Moe v. State, 944 So.2d 1096 (Fla. 5th DCA 2007).
The final issue raised by appellant we hold to be without merit and affirm.
Affirmed.
STEVENSON, C.J., and KLEIN, J., concur.