969 So.2d 1209 (2007)
STATE of Florida, Appellant,
v.
Michael BUTTOLPH, Appellee.
No. 4D06-4666.
District Court of Appeal of Florida, Fourth District.
December 12, 2007.
*1210 Bill McCollum, Attorney General, Tallahassee, and Richard Valuntas, Assistant Attorney General, West Palm Beach, for appellant.
Howard Finkelstein, Public Defender, and Joseph R. Chloupek, Assistant Public Defender, Ft. Lauderdale, for appellee.
KLEIN, J.
The state appeals a county court non-final order in a DUI case to the effect that the annual inspection reports of breath testing instruments are testimonial under Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). The court certified the question to this court as one of great public importance. We have discretionary jurisdiction to review such an order. State v. Ratner, 948 So.2d 700 (Fla.2007).
Shortly after the state's initial brief was filed, we held in Pflieger v. State, 952 So.2d 1251 (Fla. 4th DCA 2007), that these annual inspection reports are nontestimonial under Crawford, which is contrary to the trial court's ruling. As this issue has been resolved by Pflieger, we need not further address the certified question.
Because this case, and numerous others on appeal, raising the same certified question, will be remanded for trial, we address an issue raised here, as well as below, which was not reached in the trial court. That issue is whether it is always necessary to prove the annual inspection. We hold that it is necessary only where the annual inspection was the most recent inspection. § 316.1934(5) provides:
(5) An affidavit containing the results of any test of a person's blood or breath to determine its alcoholic content, as authorized by s. 316.1932 or s. 316.1933, is admissible in evidence under the exception to the hearsay rule in s. 90.803(8) for public records and reports. Such affidavit is admissible without further authentication and is presumptive proof of the results of an authorized test to determine the alcohol content of the blood or breath if the affidavit discloses:
(a) The type of test administered and the procedure followed;
(b) The time of the collection of the blood or breath sample analyzed;
(c) The numerical results of the test indicating the alcohol content of the blood or breath;
(d) The type and status of any permit issued by the Department of Law Enforcement which was held by the person who performed the test, and
(e) If the test was administered by means of a breath testing instrument, the date of performance of the most recent required maintenance on such instrument.

(emphasis supplied.)
The state argues that the "most recent required maintenance" is the monthly inspection, *1211 citing Florida Administrative Code, section 11D-8.006(1) which provides that: "evidentiary breath test instruments shall be inspected by an agency inspector at least once a calendar month." Defendant relies on section 11D-8.004(2), which provides that: "registered breath test instruments shall be inspected by [FDLE] at least once each calendar year . . . The inspection validates the instrument's approval for evidentiary use."
Returning to section 316.1934(5), Florida Statutes, which specifies the "most recent required maintenance," we conclude that the most recent could be either the monthly, or the annual inspection, if the annual was the most recent. It does not, as defendant argues, require the state to show both.
We accordingly remand for further proceedings consistent with this opinion.
POLEN and MAY, JJ., concur.