KLEIN, J.
Appellant, a department store employee, was convicted of grand theft. She argues that a log prepared daily by the store manager for the cash registers was not admissible in evidence as a business record under Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). We affirm.
Appellant was responsible for gathering money from each of the cash registers and preparing deposits. The document which is in dispute is known as an “over/short log,” and it is kept in the normal course of business by each store manager. The log is filled out every day by the store manager, and, when it does not balance, it could indicate theft or something else. When the log for this store showed losses of $150, an internal investigation was started which culminated in appellant’s arrest. The log was introduced into evidence as a business record through the testimony of a witness who was the loss prevention officer for twenty-six stores. She was not the person who actually prepared the log.
The trial court admitted the log under the business records exception to the hearsay rule, but appellant argues that this was error under Crawford. Appellant recognizes that Crawford, in which the Court held inadmissible “testimonial” out-of-court statements, such as a statement given to an officer investigating the crime, does not preclude business records from being admitted in evidence. Appellant argues, however, that the log in this case is precluded by Crawford because the primary purpose of the log is to prove a crime. In Davis v. Washington, 547 U.S. 813, 126 S.Ct. 2266, 2274, 165 L.Ed.2d 224 (2006), the Court elaborated that a statement is “testimonial” and not admissible under Crawford where the “primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution.”
In Pflieger v. State, 952 So.2d 1251 (Fla. 4th DCA 2007), we held that the annual inspection report of a breath testing machine was admissible in evidence in a DUI case without the testimony of the technician who performed the test. The inspection report was not prepared as part of an investigation but rather was for the purpose of making sure the machine was operating properly. It was therefore not inadmissible under Crawford. We stated: “[documents establishing the existence or absence of some objective fact, rather than detailing the criminal wrongdoing of the defendant, are not ‘testimonial.’ ” Pflieger, 952 So.2d at 1254. See also United States v. Bahena-Cardenas, 411 F.3d 1067, 1074-75 (9th Cir.2005) (holding that a warrant including a statement that an officer witnessed defendant’s departure from the country was nontestimonial under Crawford, as it involved a “routine, objective cataloguing of an unambiguous factual matter.”)
In this case, the testimony demonstrated that the log was prepared on a daily basis for each register based on internal operating procedures of the company, in order to show an objective fact, a discrepancy. We accordingly agree with the state that the log was properly admitted as a business record and affirm.
POLEN and MAY, JJ„ concur.