18 So.3d 1221 (2009)
Randy L. WASHINGTON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D08-597.
District Court of Appeal of Florida, Fourth District.
October 7, 2009.
*1222 Carey Haughwout, Public Defender, and Tatjana Ostapoff, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and August A. Bonavita and Melynda L. Melear, Assistant Attorneys General, West Palm Beach, for appellee.

ON MOTION FOR REHEARING & CERTIFICATION
STEVENSON, J.
We grant appellant's motion for rehearing, withdraw our prior opinion, and substitute the following in its place. We deny the appellant's motion to the extent that it seeks certification of a question to our supreme court.
Randy Washington was tried by jury and convicted of acting as an unlicensed contractor during a state of emergency. At trial, to establish that Washington was not licensed as a contractor, the State introduced a "certificate of non-licensure" prepared by the State of Florida Licensing Division, Construction Industry Licensing Board. The certificate was "ordered" by a City of Fort Lauderdale detective, assigned to the code enforcement team, as part of the investigation commenced following the victim's complaint. The certificate reported that a county and statewide search reflected that a contractor's license had not been issued to anyone named "Randy Washington." Defense counsel objected to the document's introduction, arguing that it was hearsay and violated the Sixth Amendment and the principles set forth in Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). The trial court overruled defense counsel's objection and that ruling is the subject of the instant appeal. We hold that the "certificate of non-licensure," attesting that a search of the licensing records revealed that no license was held by the defendant, is testimonial in nature and its admission violated the principles set forth in Crawford.
Prior to Crawford, whether the admission of hearsay violated a defendant's Sixth Amendment right to confront the *1223 witnesses against him was controlled by Ohio v. Roberts, 448 U.S. 56, 66, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980), which held that the Sixth Amendment did not bar admission of hearsay if the statement bore "adequate indicia of reliability," i.e., if the statement fell within a firmly-rooted hearsay exception or there was "a showing of particularized guarantees of trustworthiness." In Crawford, the Supreme Court receded from Roberts where the evidence at issue is a testimonial statement, holding that "[w]here testimonial statements are at issue, the only indicium of reliability sufficient to satisfy constitutional demands is the one the Constitution actually prescribes: confrontation." 541 U.S. at 68-69, 124 S.Ct. 1354 (emphasis added). Following Crawford, the introduction of out-of-court testimonial statements violates the Sixth Amendment, regardless of any rule of evidence, unless the declarant is unavailable and the defendant has a prior meaningful opportunity to cross-examine the witness. Id.
Crawford was concerned only with testimonial statements. The Crawford court expressly stated that "[w]here nontestimonial hearsay is at issue, it is wholly consistent with the Framers' design to afford the States flexibility in their development of hearsay law" and to "exempt[] such statements from Confrontation Clause scrutiny altogether." Id. at 68, 124 S.Ct. 1354. The Crawford Court held that "at a minimum" "testimonial statements" included "prior testimony at a preliminary hearing, before a grand jury, or at a former trial" and police interrogations, but left for another day "any effort to spell out a comprehensive definition of `testimonial.'" Id.
Following Crawford, the issue facing the courts has been defining which hearsay statements are testimonial. Consistent with Crawford's dictates, Florida courts have held that some documents admissible as business or public records are testimonial and some are not. In determining whether the documents are testimonial, the courts have focused on whether the document is accusatory and intended to bear witness against the accused, whether the document is routinely kept as part of a business's operations or is, instead, prepared or kept at the request of law enforcement, and whether the document contains expressions of opinion or conclusions requiring the exercise of discretion. See State v. Johnson, 982 So.2d 672 (Fla.) (holding that FDLE lab report reflecting that substances possessed by defendant were marijuana and cocaine was testimonial as such document was accusatory, was prepared by law enforcement pursuant to a police investigation, and was admitted to establish an element of the crime), cert. dismissed, ___ U.S. ___, 129 S.Ct. 28, 171 L.Ed.2d 930 (2008); Pflieger v. State, 952 So.2d 1251, 1253-54 (Fla. 4th DCA 2007) (holding that annual inspection report on breath test instrument is not testimonial as it is not prepared during the investigation of a particular crime and is "intended for the non-testimonial purpose of making sure the machine is working properly"); Card v. State, 927 So.2d 200, 203 (Fla. 5th DCA 2006) (holding that driving record is non-testimonial as "it is not accusatory and does not describe specific criminal wrongdoing of the defendant," it contains no expression of opinion or conclusion requiring the exercise of discretion, and it "merely represents the objective result of a public records search").
Applying these principles to the instant case, we conclude that the "certificate of non-licensure," prepared by an employee of the State of Florida Licensing Division, Construction Industry Licensing Board and attesting that a search of its records revealed that no one named Randy L. Washington holds a license to engage in *1224 contracting in the State of Florida, is testimonial. Such certificate is accusatory, was introduced to establish an element of the crime, was prepared at the request of law enforcement as part of its investigation in this case, and is evaluative in the sense that it represents not simply the production of an existing record, but an assertion regarding the results of an individual's search of a database or databases. As such, the admission of the document, over the defendant's Crawford objection, was error and a violation of the defendant's Sixth Amendment rights.
Our conclusion finds support in the Supreme Court's recent decision in Melendez-Diaz v. Massachusetts, ___ U.S. ___, 129 S.Ct. 2527, 174 L.Ed.2d 314 (2009). In Melendez-Diaz, the Supreme Court held that the Sixth Amendment and its decision in Crawford precluded the admission of "certificates of analysis," reporting the weight of the substances found and the fact that the substances were cocaine. In so holding, the Court pointed out that affidavits were among the "core class of testimonial statements" described in Crawford that are subject to the Confrontation Clause, that the certificates were, in essence, affidavits, and that such affidavits were prepared for trial and thus testimonial. Id. at 2532, 2538-40.
In his dissent, Justice Kennedy suggested the majority's application of the Confrontation Clause to the certificates had no historical support given that copyist's affidavits, certifying that the copy accurately reflected the original public record, were routinely admitted into evidence. See id. at 2553-54 (Kennedy, J., dissenting). The majority distinguished such class of cases on the ground that the authority of the copyist or clerk was limited to "`certify[ing]... the correctness of a copy of a record kept in his office'" and such clerk or copyist could not do what the forensic analysis had done  "create a record for the sole purpose of providing evidence against a defendant." Id. at 2539 (quoting State v. Wilson, 141 La. 404, 75 So. 95, 97 (1917)). The majority went on to write that the "[f]ar more probative" cases were those where the Confrontation Clause was held to preclude the State's admission of a clerk's certificate attesting that the clerk had searched for a particular record and failed to find it. Id. (citing People v. Bromwich, 200 N.Y. 385, 93 N.E. 933, 934 (1911), and People v. Goodrode, 132 Mich. 542, 94 N.W. 14, 16 (1903)). "Like the testimony of the analysts in this case, the clerk's statement would serve as substantive evidence against the defendant whose guilt depended on the nonexistence of the record for which the clerk searched." Id.
While we are plainly not dealing with a certificate or affidavit attesting to whether a substance found in the defendant's possession was in fact an illegal drug, we nonetheless find the reasoning of Melendez-Diaz persuasive.[1] We thus hold *1225 that the trial court abused its discretion in allowing the State to introduce the certificate of non-licensure over the defendant's hearsay and Crawford objections. Such holding does not, however, entitle the defendant to reversal of his conviction as we find the error was harmless given the other evidence, including an admissible, unimpeached statement by the victim that Washington admitted to him that he did not possess a contractor's license during the time in question.
Affirmed.
WARNER and DAMOORGIAN, JJ., concur.
NOTES
[1] In decisions issued prior to Melendez-Diaz, the majority of jurisdictions held that the admission of certificates establishing the non-existence of a record was not a violation of the defendant's Sixth Amendment rights or Crawford. See, e.g., United States v. Rueda-Rivera, 396 F.3d 678 (5th Cir.2005); United States v. Burgos, 539 F.3d 641 (7th Cir.2008); United States v. Urqhart, 469 F.3d 745 (8th Cir.2006); United States v. Norwood, 555 F.3d 1061 (9th Cir.), petition for cert. filed, No. 08-10522 (May 19, 2009), and 78 U.S.L.W. 3058 (July 17, 2009); United States v. Cervantes-Flores, 421 F.3d 825, 834 (9th Cir.2005); Millard v. United States, 967 A.2d 155 (D.C.2009), abrogation recognized by Tabaka v. District of Columbia, 976 A.2d 173 (D.C.2009); Michels v. Commonwealth, 47 Va.App. 461, 624 S.E.2d 675 (2006); State v. Kirkpatrick, 160 Wash.2d 873, 161 P.3d 990 (2007) (en banc). But, in a post-Melendez-Diaz decision, the District of Columbia Court of Appeals held that Melendez-Diaz compelled a conclusion that the admission of a document from the Department of Motor Vehicles, certifying its records reflected no evidence of an operator's permit for the appellant, was a violation of the Sixth Amendment and Crawford. See Tabaka v. District of Columbia, 976 A.2d 173 (D.C.2009).