HARRIS, C.M., Senior Judge.
Appellant was convicted of grand theft for stealing power from the power company by running a wire from a streetlight pole in front of his property underground, under his porch and into his home. The reconstructed value of this theft was in excess of $4,500.
Appellant first contends that there was insufficient evidence that the wire was actually connected to his home or that there was power running through the line. However, there was direct testimony that the wire was connected to the streetlight and the wire was “hot”. There was further direct testimony that a computer and refrigerator inside the home were operating when there was no visible power source other than the wire from the streetlight. A power cord to the neighbor’s house was disconnected and the generators in the rear of the house were not operating. This is sufficient evidence to avoid a judgment of acquittal.
The State also offered sufficient proof relating to the value of the property taken. The State proved the “estimate of loss” by reconstructed records prepared by the power company and received under the business records exception. There is sufficient evidence in the record to justify *1228 the admission of the evidence under the business records exception to the hearsay rule. Even so, claims appellant, this evidence was testimonial in nature as explained in Washington v. State, 18 So.3d 1221 (Fla. 4th DCA 2009), and a violation of his right of confrontation as provided by Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). This issue was not preserved below and will not be considered in this appeal.
AFFIRMED.
SAWAYA and TORPY, JJ., concur.