SLEET, Judge.
Anthony Peterson challenges his judgment and sentences for leaving the scene of a crash involving death, vehicular homicide, and driving while license is suspended or revoked. On appeal, he argues that the trial court erred when it admitted the air bag control system report[1] from his vehicle into evidence and denied his motion for judgment of acquittal. We affirm on all issues and write to address the admissibility of the air bag control system report.
The facts adduced at trial demonstrated that Peterson was intoxicated, exceeded the posted speed limit of 45 mph, ran a red light, and crashed into the victim’s vehicle., The State introduced, over Peterson’s objection, the air bag control system report from Peterson’s vehicle. Peterson argues that the computer-generated air bag control, system report was testimonial hearsay and that the trial court erred when it admitted the report into evidence. He argues that it violated the Confrontation Clause of the Sixth Amendment because he was precluded from confronting the computer and that the expert’s testimony regarding the information generated by a computer database was prejudicial hearsay testimony in violation of Peterson’s right to confront the witnesses against him.
This court applies a mixed standard of review in considering a trial court’s ruling on the admissibility of evidence over an objection based on the Confrontation Clause. Hernandez v. State, 946 So.2d 1270, 1277 (Fla. 2d DCA 2007). “The trial court’s determination of historical fact enjoys a presumption of correctness and is subject to reversal only if not supported by competent, substantial evidence in the record.” Id. The trial court’s legal conclusions are reviewed de novo. Id.
In order for the Confrontation Clause to apply to the air bag control system report, the report must be deemed “testimonial” in character. State v. Belvin, 986 So.2d 516, 520 (Fla.2008). “It is the testimonial character of the statement that separates it from other hearsay that, while subject to traditional limitations upon hearsay evidence, is not subject to the Confrontation Clause.” Id. (quoting Davis v. Washington, 547 U.S. 813, 821, 126 S.Ct. 2266, 165 L.Ed.2d 224 (2006)). The United States Supreme Court has not completely defined “testimonial” but made it clear that, at a minimum, it applied “to prior testimony at a preliminary hearing, before a grand jury, or at a former trial; and to police interrogations.” Card v. State, 927 So.2d 200, 202 (Fla. 5th DCA 2006) (quoting Crawford v. Washington, 541 U.S. 36, 68, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004)).
The report in this case does not fall under any of the examples of testimonial statements set forth in Crawford. However, Card, 927 So.2d at 203, and Pflieger v. State, 952 So.2d 1251 (Fla. 4th DCA 2007), offer some guidance. In Card, the Fifth District determined that the defendant’s driving record was not testimonial because it was not accusatory and did not describe specific criminal wrongdoing of the defendant. 927 So.2d at 203. Instead, “it merely representad] the objective result of a public records search.” Id. The court further held that “[a] driving record contains neither expressions of opinion nor conclusions requiring the exercise of discretion, and is not made or kept for law enforcement or trial purposes.” Id. Similarly, in Pflieger, the Fourth District determined that an annual inspection report of a *453 breath testing instrument was not testimonial because “[d]ocuments establishing the existence or absence of some objective fact, rather than detailing the criminal wrongdoing of the defendant, are not ‘testimonial.’ ” 952 So.2d at 1254 (quoting Michels v. Commonwealth, 47 Va.App. 461, 624 S.E.2d 675, 678 (2006)).
Like the driving record in Card and the annual inspection report in Pflieger, the air bag control system report is not accusatory and does not describe any specific wrongdoing of Peterson. Instead, the report merely establishes the existence or absence of some objective fact, i.e., if and when the brakes were applied in Peterson’s car before the accident and the speed the car was traveling.
Peterson’s reliance on State v. Johnson, 982 So.2d 672 (Fla.2008), and Belvin, 986 So.2d 516, is misplaced because the cases are distinguishable from the instant case. In Johnson, the Florida Supreme Court held that a report prepared by an FDLE analyst, that established the illegal nature of the substances Johnson possessed, was admitted in violation of the Confrontation Clause because the analyst who prepared the report did not testify during the trial. 982 So.2d at 681. Likewise, in Belvin, the Florida Supreme Court held that a breath test affidavit in a DUI prosecution was testimonial and violated the Confrontation Clause because the person who prepared the report did not testify at trial. 986 So.2d at 521.
The State’s expert, James Hartwell, testified that he was trained in extracting the air bag control module from cars and trained in extracting the data from the modules. He also testified that he was trained to operate the software that generated the air bag control system report and noted that he was unable to input any information into the report or change any information on the report. Unlike in Johnson and Belvin, the person who printed the air bag control system report testified at trial. Furthermore, the reports in Johnson and Belvin were created by law enforcement to determine if the defendant committed a crime. Here, the air bag control system report contains objective data about the car seconds before the crash and does not contain any information suggesting Peterson committed a crime. As such, the Confrontation Clause is not invoked because the report is not testimonial.
Because the air bag control system report is not testimonial, the trial court did not err in admitting the report over a Confrontation Clause objection. Accordingly, we affirm.
Affirmed.
NORTHCUTT and LaROSE, JJ„ Concur.

. The air bag control system is often referred to as the "black box” or "event data recorder.” Matos v. State, 899 So.2d 403, 405 (Fla. 4th DCA 2005).