# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Arrendondo*, 2012 IL App (3d) 110223

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. ERIC ARRENDONDO, Defendant-Appellee. |
| District & No. | Third District<br>Docket No. 3-11-0223 |
| Filed | March 9, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The trial court's judgment granting defendant's petition to rescind the statutory summary suspension of his driver's license was reversed, notwithstanding the fact that just before his arrest, there was nothing unusual about the speed of his car or the way in which he was operating the vehicle, since the evidence at the hearing on defendant's petition established that he was arrested for an offense as defined in section 11-501 of the Illinois Vehicle Code, the arresting officer had reasonable grounds to believe defendant was driving under the influence of cannabis, defendant refused to submit to chemical testing, and defendant failed to present any evidence that he was not properly advised that his license would be suspended if he refused testing. |
| Decision Under Review | Appeal from the Circuit Court of Will County, No. 10-DT-1590; the Hon. Robert Livas, Judge, presiding. |
| Judgment | Reversed and remanded. |

| Counsel on Appeal | James Glasgow, State's Attorney, of Joliet (Terry A. Mertel and Laura E. DeMichael, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for appellant. |
|---|---|
| | No brief filed for appellee. |
| Panel | JUSTICE McDADE delivered the judgment of the court, with opinion. Justice Wright concurred in the judgment and opinion. Justice Holdridge dissented, with opinion. |

**OPINION**

¶ 1    Defendant, Eric Arrendondo, was charged by uniform traffic citation with driving under the influence (625 ILCS 5/11-501(a)(4) (West 2010)). Following a hearing, the trial court granted defendant's motion to rescind his statutory summary suspension. We reverse and remand.

¶ 2                                         FACTS

¶ 3    Defendant was charged with driving under the influence (625 ILCS 5/11-501(a)(4) (West 2010)). Defendant refused to submit to chemical testing, and a statutory summary suspension was imposed. Defendant filed a petition to rescind the statutory summary suspension of his driver's license. The following evidence was adduced at the hearing on defendant's petition.

¶ 4    The only person to testify was Russell Prucnicki. Prucnicki was employed as a police officer with the Village of Plainfield (the Village). Prucnicki had been trained at Triton College, where he had been instructed in the identification of cannabis. He was later trained to identify cannabis in both its burnt and unburnt forms at a training run by the Village. Prucnicki has encountered both forms of cannabis many times in his career as a police officer. Based upon his training and experience as a police officer, Prucnicki could identify the smell of unburnt cannabis and the smell of burnt cannabis (two distinctly different smells), and he learned that glossy, bloodshot eyes were a possible indicator that a person had been smoking cannabis.

¶ 5    Prucnicki testified that he was on patrol duty when he noticed a motor vehicle being driven in front of him that did not have the rear registration plate light illuminated and had some objects hanging from the rearview mirror, which obstructed the view of the driver.

¶ 6    Prucnicki followed the vehicle for about half a mile before initiating a traffic stop. There was nothing unusual about the vehicle's speed or the manner in which it was being driven. The only traffic violations Prucnicki witnessed before stopping the vehicle were the obstructed view and lack of a registration light. The driver of the vehicle turned into a

parking lot and pulled into a parking spot. Prucnicki identified defendant as the driver of the vehicle.

¶ 7      Prucnicki approached the vehicle. As Prucnicki approached, defendant rolled down the car window and Prucnicki smelled a strong odor of unburnt cannabis. Prucnicki requested defendant's driver's license and insurance information. Defendant seemed nervous, slightly agitated, and his hands were trembling a little bit, which Prucnicki found significant. Prucnicki informed defendant of the reasons for the stop and asked where he was coming from. Defendant said he was coming from a tavern in town and that he had consumed two beers over the course of about two hours.

¶ 8      As Prucnicki was speaking to defendant, Prucnicki could smell burnt cannabis on defendant's breath. Prucnicki could tell from the odor of cannabis on defendant's breath that there was some amount of cannabis in defendant's system, although he could not tell exactly how much cannabis.

¶ 9      Prucnicki then asked defendant if he had any drugs in the car. Defendant told Prucnicki that he had some weed, and defendant retrieved a one-hitter from his pocket and handed it to Prucnicki. A one-hitter is a small pipe used for smoking cannabis. The one-hitter contained a green, leafy substance along with some tar-like residue.

¶ 10      After receiving the one-hitter from defendant, Prucnicki returned to his squad car, called for backup, and ran defendant's license, which came up as suspended. Upon the arrival of another officer, Prucnicki approached the vehicle again. Prucnicki had defendant exit the vehicle and step to the rear of the vehicle, at which time he asked defendant if he had any other drugs on him. Defendant said he had some weed and handed Prucnicki a translucent bag containing about a gram of cannabis. Prucnicki smelled the contents of the bag, which smelled like cannabis. He ran a field test on the contents, which indicated it was cannabis.

¶ 11      Defendant told Prucnicki that he had just packed the one-hitter with cannabis and was about to smoke it when he saw Prucnicki. Defendant admitted that he had smoked cannabis earlier that night. Prucnicki observed that defendant's eyes were glossy and bloodshot, and Prucnicki continued to smell the odor of burnt cannabis coming from defendant's breath. Defendant's speech was not slurred, he had not made any unusual physical movements, and his mental faculties appeared intact.

¶ 12      Based upon the smell of burnt cannabis emitting from defendant's breath, his glossy and bloodshot eyes, his admission to smoking cannabis and possession of cannabis, Prucnicki believed defendant had been driving under the influence of cannabis. Prucnicki did not believe defendant could operate a motor vehicle. Defendant refused to submit to chemical testing. Prucnicki placed defendant under arrest for driving under the influence and issued defendant a citation for driving under the influence (625 ILCS 5/11-501(a)(4) (West 2010)).

¶ 13      Following Prucnicki's testimony, defendant rested and the State moved for a directed finding. In denying the State's motion, the trial court found that the State needed to prove that defendant was driving unsafely in order for the statutory summary suspension to be proper because defendant had been charged under subsection (a)(4) of section 11-501 of the Illinois Vehicle Code (Code) (625 ILCS 5/11-501(a)(4) (West 2010)). The trial court stated:

     "The issue still becomes this. The officer's observations indicated based on what he

thought. And I agree that he had smoked marijuana.

The problem becomes, did that render him incapable of safely driving? No."

¶ 14 On January 21, 2011, the trial court granted defendant's petition to rescind on the basis that defendant had not been observed driving improperly. Specifically, the court stated:

"[I]f it is not improper driving, but there is a smell of marijuana, I don't know what they do with this guy or any defendant. If he had been seen to commit any traffic violation in the way he was handling the vehicle, okay, but he didn't. So how do we get from that to the point where he's driving under the influence? I don't know."

¶ 15                                                   ANALYSIS

¶ 16 At the outset, we note that defendant has failed to file a brief on appeal. " 'A reviewing court is not compelled to serve as an advocate for the appellee and is not required to search the record for the purpose of sustaining the trial court's judgment.' " *Frank v. Hawkins*, 383 Ill. App. 3d 799, 808 (2008) (quoting *Benjamin v. McKinnon*, 379 Ill. App. 3d 1013, 1019 (2008)). Thus, if the appellant's brief demonstrates *prima facie* reversible error and the contentions in the brief find support in the record, the trial court's judgment may be reversed. *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976). We reverse the trial court's judgment because the State has made a *prima facie* case of reversible error.

¶ 17 The sole issue before us is whether the trial court erred in granting defendant's petition to rescind the statutory summary suspension of his driver's license. "The [defendant] carries the burden of providing a *prima facie* case for rescission at a hearing on a petition for rescission of a statutory summary suspension of a driver's license." *People v. Kavanaugh*, 362 Ill. App. 3d 690, 695 (2005). The burden of presenting evidence justifying the suspension then shifts to the State. *Kavanaugh*, 362 Ill. App. 3d at 695. The trial court's decision on a petition to rescind will not be reversed unless it is against the manifest weight of the evidence. *Kavanaugh*, 362 Ill. App. 3d at 695.

¶ 18 Because: (1) defendant was placed under arrest for an offense as defined in section 11-501 of the Code (625 ILCS 5/11-501 (West 2010)), (2) Prucnicki had reasonable grounds to believe that defendant was driving while under the influence of cannabis; and (3) defendant, after apparently being advised of the potential consequences of his decision, refused to submit to chemical testing, we find the trial court's judgment granting defendant's petition to rescind was against the manifest weight of the evidence. It is important to note that the matter before us arises from a civil summary suspension hearing and not a criminal prosecution for driving under the influence. While the fact that defendant was charged with driving under the influence in violation of subsection (a)(4) of section 11-501 (625 ILCS 5/11-501(a)(4) (West 2010)) is relevant to any subsequent criminal proceedings against defendant, it is not relevant at the civil summary suspension stage, as subsection (b) of section 2-118.1 of the Code (625 ILCS 5/2-118.1(b) (West 2010)) merely provides that defendant be placed under arrest for *an offense* as defined in section 11-501.

¶ 19 Section 2-118.1 is entitled: "Opportunity for hearing; statutory summary alcohol or other drug related suspension or revocation pursuant to Section 11-501.1." Subsection (b) of

section 2-118.1 provides, in pertinent part:

> (b) Within 90 days after the notice of statutory summary suspension or revocation served under Section 11-501.1, the person may make a written request for a judicial hearing in the circuit court of venue. The request to the circuit court shall state the grounds upon which the person seeks to have the statutory summary suspension or revocation rescinded. ***
>
> ***
>
> The scope of the [summary suspension] hearing shall be limited to the issues of:
>
> 1. Whether the person was placed under arrest for *an offense* as defined in Section 11-501, or a similar provision of a local ordinance, as evidenced by the issuance of a Uniform Traffic Ticket, or issued a Uniform Traffic Ticket out of state as provided in subsection (a) of Section 11-501.1; and
>
> 2. Whether the officer had reasonable grounds to believe that the person was driving or in actual physical control of a motor vehicle upon a highway while under the influence of alcohol, other drug, or combination of both; and
>
> 3. Whether the person, after being advised by the officer that the privilege to operate a motor vehicle would be suspended or revoked if the person refused to submit to and complete the test or tests, did refuse to submit to or complete the test or tests to determine the person's alcohol or drug concentration[.]" (Emphasis added.) 625 ILCS 5/2-118.1(b) (West 2010).

¶ 20    Our examination of the record reveals evidence establishing all three factors discussed in subsection (b) of section 2-118.1. See 625 ILCS 5/2-118.1(b) (West 2010). First, defendant was placed under arrest for *an offense* as defined in section 11-501 (625 ILCS 5/11-501 (West 2010)), specifically, 11-501(a)(4).

¶ 21    Second, Prucnicki had reasonable grounds to believe that defendant was driving his vehicle under the influence of cannabis. Specifically, Prucnicki smelled a strong odor of unburnt cannabis emanating from defendant's vehicle and burnt cannabis on defendant's breath. Defendant was nervous and slightly agitated. Defendant's eyes were glossy and bloodshot. Defendant admitted he had smoked cannabis on the night in question.[1] He also admitted that he was in possession of cannabis. Defendant handed Prucnicki a one-hitter packed with cannabis as well as a translucent bag containing cannabis.

¶ 22    Finally, defendant, after apparently being advised of the potential consequences of his decision, refused to submit to chemical testing. In coming to this conclusion, we note that the record contains a sworn document signed by Prucnicki stating that he "issued" a "warning" to defendant that if he refused testing his license would be suspended. While the document provides the time and date of the warning, it does not disclose the manner in which the warning was given (was the document merely given to defendant or was he orally advised

---

[1]The trial court expressly found that defendant "had smoked marijuana." We give deference to the factual findings of the trial court, and we will reject those findings only if they are against the manifest weight of the evidence. *People v. Cosby*, 231 Ill. 2d 262, 271 (2008).

by Prucnicki) or the context in relation to when exactly defendant refused to submit to testing (was defendant advised prior to his refusal or after).[2] While we find these unanswered questions troubling, we call attention to the fact that it was defendant's burden at the hearing to prove a *prima facie* case for rescission. Defendant failed to present any evidence that he was not properly advised. We therefore accept Prucnicki's signed document as evidence that defendant was properly advised.

¶ 23 Because the record reveals evidence establishing all three factors in the present case, we find the trial court's judgment granting defendant's petition to rescind was against the manifest weight of the evidence.

¶ 24 In coming to this conclusion, we reject the trial court's reliance upon the fact that Prucnicki did not witness anything unusual about the vehicle's speed or the manner in which defendant was operating the vehicle. We acknowledge that defendant was charged under subsection (a)(4) of section 11-501, which states that "[a] person shall not drive or be in actual physical control of any vehicle within this State while *** under the influence of any other drug or combination of drugs to a degree that renders the person incapable of safely driving." 625 ILCS 5/11-501(a)(4) (West 2010).

¶ 25 The trial court seemed to believe that because defendant was charged under subsection (a)(4), the evidence at the summary suspension hearing needed to establish that defendant was incapable of safely driving the vehicle. Therefore, because Prucnicki testified that the only traffic violations he witnessed before stopping defendant's vehicle were the obstructed view and lack of a registration light, the trial court believed that defendant was not improperly operating the vehicle and thus it was required to grant defendant's petition to rescind. We note, however, that subsection (b) of section 2-118.1 merely provides that defendant be placed under arrest for *an offense* as defined in section 11-501 of the Code. See 625 ILCS 5/2-118.1(b) (West 2010). It does not provide that the actual offense for which defendant was arrested be proven at the summary suspension hearing. In other words, the matter before the trial court was not defendant's actual criminal trial where the State needed to establish the elements of subsection (a)(4) of section 11-501 beyond a reasonable doubt. Instead, it was merely a summary suspension hearing, governed by section 2-118.1, at which defendant was required to prove a *prima facie* case for rescission.

¶ 26 The supreme court has unequivocally stated that summary suspension hearings are "civil in nature." *People v. Moore*, 138 Ill. 2d 162, 167 (1990). The court further explained that summary suspension hearings cannot be construed as part of a defendant's criminal trial, as they are "merely an administrative device at the disposal of the defendant in which the defendant can halt the otherwise automatic suspension of his driving privileges." *Moore*, 138 Ill. 2d at 170. Here, the record reveals evidence establishing all three factors discussed in subsection (b) of section 2-118.1. Accordingly, defendant's petition to rescind his summary suspension lacked merit and should not have been granted.

¶ 27 For the foregoing reasons, we reverse the judgment of the trial court and remand for

---

[2]A review of Prucnicki's testimony at the hearing does not answer these questions. Instead, Prucnicki merely testified that he arrested defendant for driving under the influence.

further proceedings.

¶ 28    Reversed and remanded.

¶ 29    JUSTICE HOLDRIDGE, dissenting:

¶ 30    I would affirm the trial court. The defendant was placed under arrest and charged by uniform traffic citation with driving under the influence of any drug or combination of drugs to a degree that rendered him incapable of safely driving, an offense under section 11-501 of the Illinois Vehicle Code (the Code). 625 ILCS 5/11-501(a)(4) (West 2010). At the hearing on the defendant's petition to rescind the statutory summary suspension, the trial court granted the defendant's petition based upon the complete lack of proof that the defendant was rendered incapable of driving safely. The majority finds that the trial court erred in requiring the State to establish reasonable grounds to believe that the defendant was incapable of safely driving his vehicle, as charged by the uniform traffic citation. The majority instead maintains that as long as the State can show that the defendant had been arrested for *an* offense and could establish reasonable grounds to believe that he was in violation of *an* offense, there is no requirement that the arrest which triggers the suspension and the reasonable grounds to establish the suspension must be based on the *same* offense. I cannot agree.

¶ 31    A valid arrest and service of a uniform traffic citation is a prerequisite for a statutory summary suspension under section 11-501.1(a) of the Code. *People v. Mannon*, 217 Ill. App. 3d 381, 383 (1991) ("if a suspect has not been properly arrested for DUI by the service of a uniform citation, the statutory summary suspension shall not issue").[3] Morever, section 2-118.1(b) specifically references the uniform traffic citation as the basis for the suspension:

"1. Whether the person was placed under arrest for an offense as defined in Section 11-501, or a similar provision of a local ordinance, *as evidenced by the issuance of a Uniform Traffic Ticket,* or issued a Uniform Traffic Ticket out of state as provided in subsection (a) of Section 11-501.1; and

2. Whether the officer had reasonable grounds to believe that the person was driving or in actual physical control of a motor vehicle upon a highway while under the influence of alcohol, other drug, or combination of both." (Emphasis added.) 625 ILCS 5/2-118.1(b)(1), (b)(2) (West 2008).

¶ 32    There is ample authority for the conclusion that the "reasonable grounds" requirement in the second provision is linked to the issuance of a uniform traffic citation or ticket required in the first provision. In *People v. Krueger*, 208 Ill. App. 3d 897 (1991), the court was asked to determine whether the arrest required in the first provision of section 2-118.1(b) had to be a "lawful arrest." The court held that the arrest and reasonable grounds requirements of

---

[3]*Mannon* was subsequently criticized concerning the timing of the issuance of the uniform traffic citation. However, it remains good law for the proposition cited. See *People v. Selby*, 241 Ill. App. 3d 80, 83 (1993).

section 2-118.1(b) were necessarily linked:

> "[E]ven barring constitutional problems, we are unwilling to conclude that the legislature intended to authorize the suspension of drivers' licenses based on the fruits of illegal arrests. The requirements of *an arrest and reasonable cause* are for the purpose of protecting the motorist against unlawful searches and seizures. [Citation.] This purpose would be undercut if not frustrated by allowing the State to benefit from illegal or unauthorized arrests made by its agents. Furthermore, despite the State's dire warning that such a legality requirement would necessitate a time-consuming hearing on ancillary issues and thus frustrate the legislative goal of an efficient, expedited proceeding, we note that in the vast majority of suspension cases the requirement of reasonable grounds [citation] operates as an exclusionary rule. As most DUI arrests are of motorists who have been driving or in control of vehicles on the highway, the necessary finding of reasonable cause will generally be tantamount to a finding that *the* arrest was legal, and a finding of no probable cause will necessitate rescission of the suspension even where the motorist failed or refused to take a blood-alcohol test." (Emphasis added.) *People v. Krueger*, 208 Ill. App. 3d at 906.

¶ 33     The *Krueger* court then succinctly held that, under the Vehicle Code, the Secretary of State's power to suspend a driver's license is predicated upon the presence of a valid arrest, and the validity of that underlying arrest must be tested by the reasonable grounds requirement of section 2-118.1(b). *Id.* Clearly, then, the underlying arrest and the reasonable grounds determination are inexorably linked.[4] Thus, while the statutory suspension may be predicated on *an* arrest, there must be reasonable grounds for *that* arrest in order for the Secretary of State to suspend a driver's license.

¶ 34     I would find that the trial court correctly determined that the officer lacked reasonable grounds to believe that defendant was driving or in actual physical control of a motor vehicle upon a highway while under the influence of a drug, as evidenced by the issuance of the uniform traffic citation. I would, therefore, affirm the trial court's rescission of the defendant's driver's license suspension. In doing so, I would point out that, had the uniform traffic citation been issued or amended to indicate a violation of section 11-501(a)(6) of the Code (625 ILCS 5/11-501(a)(6) (West 2010)), there would have been reasonable grounds to support the suspension of the defendant's driver's license. I am at a loss to explain why the uniform citation did not cite the proper statutory violation.

---

[4]The reported cases interpreting section 2-118.1(b) presume that the arrest evidenced by the uniform traffic ticket is the arrest that must be based upon reasonable grounds. While this presumption is unstated, there appears to be no question in these prior decisions that it is the arrest evidenced by the uniform traffic ticket that must be based upon reasonable grounds. See *People v. Rush*, 319 Ill. App. 3d 34 (2001); *People v. Fortney*, 297 Ill. App. 3d 79, 87 (1998); *People v. White*, 167 Ill. App. 3d 439, 442 (1988).